## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **KENNETH W. JONES, on behalf of** ) | |
| **himself and all others similarly situated,** ) | |
| ) | |
| **Plaintiff,** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **v.** ) | |
| ) | **CASE NO. 3:08 CV** |
| **MIDLAND FUNDING LLC,** ) | |
| **MIDLAND CREDIT MANAGEMENT, INC.** ) | |
| **Defendants.** ) | |

## COMPLAINT -- CLASS ACTION

## INTRODUCTION

1. Plaintiff brings this class action against defendants to obtain relief for himself and the classes he proposes to represent for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), or the Creditor's Collection Practices Act, Conn. Gen. Stat. §36a-645 *et seq.* and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §42-110b, -g ("CUTPA").

## JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k(d) or 28 U.S. C. §1367. Venue in this District is appropriate because Defendants' collection demands were received in Connecticut; all class members are located in Connecticut; and Defendants intentionally aimed the activities at issue toward Connecticut residents.

## PARTIES

3. Plaintiff Kenneth W. Jones is a natural person who resided in Connecticut at all relevant times.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

5. Each Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6). The principal purpose of Defendants is the purchase or collection of defaulted debts using the mails and telephone.

6. Defendants engaged in collection efforts and communicated with Plaintiff on or after one year before the date of the filing of this action, in connection with collection efforts with regard to plaintiff's account allegedly originating with First Consumers National Bank ("FCNB").

## FACTUAL ALLEGATIONS

7. Defendant Midland Funding, LLC ("Funding") claims to have purchased Plaintiff's defaulted FCNB account in or about June 2007.

8. Thereafter, Defendant Midland Credit Management ("MCM") engaged in collection efforts on behalf of Funding.

9. The alleged debt at issue arose out of transactions which were primarily for personal, family or household purposes.

10. On or about June 24, 2007, the Defendants wrote and sent to the Plaintiff by U.S. mail a collection or dunning letter (the "June 24 Letter") which attempted to induce Plaintiff into paying the debt. A copy of the June 24 Letter is attached hereto as Exhibit A.

11. The June 24 Letter stated that a "Current Balance" was due in the amount of two thousand ninety five dollars and six cents ($2,095.06).

12. On or about October 19, 2007, the Defendants wrote and sent to the Plaintiff by U.S. mail a collection or dunning letter (the "October 19 Letter") which attempted to induce Plaintiff into

paying the debt. A copy of the October 19 Letter is attached hereto as Exhibit B.

13. The October 19 Letter stated that a "Current Balance" was due in the amount of two thousand one hundred thirty-seven dollars and twenty-four cents ($2,137.24).

14. On or about October 26, 2007, the Defendants wrote and sent to the Plaintiff by U.S. mail a collection or dunning letter (the "October 26 Letter") which attempted to induce Plaintiff into paying the debt. A copy of the October 26 Letter is attached hereto as Exhibit C. (The June 24 Letter, the October 19 Letter, and the October 26 Letter, together, the "Letters").

15. The October 26 Letter stated that a "Current Balance" was due in the amount of two thousand one hundred thirty-nine dollars and eighty-three cents ($2,139.83).

16. The "Current Balance" as claimed by Defendants between each of the Letters increased.

17. None of the Letters stated that the amount of the debt might vary from day to day because of, for example, interest, late charges or other charges.

18. None of the Letters notified Plaintiff of his right to obtain an exact, up-to-date amount of the debt allegedly due.

19. The case of *Miller v. McCalla, Raymer, Patrick, Cobb, Nichols & Clark, LLC*, 214 F. 3d 872 (7th Cir. 2000), sets forth "the debt collector's duty to state the amount of the debt in cases like this where the amount varies from day to day." *Id.* at 876.

20. Defendants did not comply with that duty. *See also Goins v. JBC & Assocs.,* 352 F. Supp. 2d 262, 269 (D. Conn. 2005).

21. At all times pertinent hereto, the conduct of Defendants as well as its agents, servants

and/or employees, was intentional, willful and in reckless disregard for federal rights of the Plaintiff.

22.   Each Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring its letters into compliance with the FDCPA or applicable Connecticut law, but each neglected to do so and each failed to adequately review its actions to ensure compliance with said law.

## CLASS ACTION ALLEGATIONS

23.   Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Classes:

   A.   All persons in the State of Connecticut to whom, during the three years prior to the filing of this Complaint, Defendants sent one or more Letters or other communications substantially in the form of one of the Letters in an attempt to collect a non-business debt, which letters were not returned as undeliverable by the Postal Service.

   B.   All persons in the State of Connecticut to whom, during the one year prior to the filing of this Complaint, Defendants sent one or more Letters or other communications substantially in the form of one of the Letters in an attempt to collect a non-business debt, which letters were not returned as undeliverable by the Postal Service.

   C.   All persons in the State of Connecticut to whom, on and after July 1, 2007, Defendants sent one or more Letters or other communications substantially in the form of one of the Letters in an attempt to collect a non-business debt, which letters were not returned as undeliverable by the Postal Service.

24.   Each Class is so numerous that joinder of all members is impracticable.

25. Upon information and belief, Defendants send hundreds if not thousands of dunning letters virtually identical to the Letters to consumers throughout the State of Connecticut, and many times that number throughout the United States. Thus, although the precise number of Class members is known only to the Defendants, Defendants regularly collect or attempt to collect purchased and defaulted consumer debts. Because the Letters are standard form letters sent to consumers, numerosity may be presumed.

26. A principal question of law common to the Class predominates over any questions affecting only individual Class members. The principal question is whether Defendants violated the FDCPA, CUTPA, or the Creditor's Collection Practices Act by mailing the Letters or written communications substantially in the form of the Letters to consumers during the applicable time periods.

27. Plaintiff's claim is typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

28. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

29. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which

would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

30. Whether a Class member was sent one of the Letters can be determined by ministerial inspection of Defendants' records.

31. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action under the FDCPA is up to $1,000. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many class claims. The identities of the Class members may be obtained from Defendants' records.

## CLAIMS FOR RELIEF

## COUNT I - VIOLATION OF THE FDCPA

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. Each Defendant is a "debt collector" as defined by section 1692a(6) of the FDCPA.

34. Plaintiff is a "consumer" as defined by section 1692a(3) of the FDCPA.

35. The Letters sent to the Plaintiff by Defendants are each a "communication" relating to a "debt" as defined by sections 1692a(2) and 1692a(5) of the FDCPA.

36. Defendants violated the FDCPA as to the Plaintiff and the Class. Defendants' violations include violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692f and 1692g(a)(1) as evidenced by the following conduct:

(a) Using false, deceptive and misleading representations or means in connection with the collection of an alleged debt;

(b) Falsely representing the character, amount or legal status of an alleged debt;

(c) Using unfair or unconscionable means to collect or attempt to collect an alleged debt; and

(d) Failing to provide the consumer with a written notice containing the amount of the alleged debt.

37. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of inducing Plaintiff to pay the debt.

38. As a result of the above violations of the FDCPA, Defendants is liable to Plaintiff and members of the Class for actual damages, statutory damages and attorneys' fees and costs.

## **COUNT II - VIOLATION OF CREDITORS' COLLECTION PRACTICES ACT**

39. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

40. Defendant Funding is a creditor as defined by the Creditor's Collection Practices Act, Conn. Gen. Stat. §36a-645 *et seq.*

41. Plaintiff is a consumer debtor as defined therein.

42. Each of the Letters sent by or on behalf of Funding was a communication within the meaning of Conn. Agencies Regs. §36a-647-2

43. Conn. Gen. Stat. §36a-647 prohibits creditors from engaging in any practice determined by the Commissioner of Banking to be an unfair or deceptive act or practice.

44. The Commissioner has adopted regulations, reported at Conn. Agencies Regs. §36a-647-5 and -6, precluding false or misleading representations identical in all pertinent respects to the prohibitions at issue set forth in the federal statute, the FDCPA.

45. Funding's actions as set forth above are in violation of the regulations adopted by the Commissioner of Banking.

46. Pursuant to Conn. Gen. Stat. §36a-648, Funding is liable to Plaintiff and members of the Class for actual damages, statutory damages, and attorneys' fees and costs for actions taken on and after July 1, 2007.

### COUNT III - VIOLATION OF CUTPA

47. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

48. Defendant MCM is a Consumer Collection Agency licensed by the Connecticut Banking Department.

49. Plaintiff is a consumer debtor as defined by Conn. Gen. Stat. §36a-800(2).

50. Each of the Letters sent by Defendants was a communication within the meaning of Conn. Agencies Regs. §36a-809-3(a)(2).

51. Conn. Gen. Stat. §36a-806 prohibits collection agencies from engaging in any practice determined by the Commissioner of Banking to be an unfair or deceptive act or practice.

52. The Commissioner has adopted regulations, reported at Conn. Agencies Regs. §36a-809-3(f) and §36a-809-3(g), precluding false or misleading representations identical to the prohibitions set forth in the federal statute, the FDCPA.

53. Defendants' actions as set forth above are in violation of the regulations adopted by

the Commissioner of Banking under the Creditors' Collection Practices Act or the Consumer Collection Agencies Act.

54. The Defendants' violations of the regulations adopted by the Commissioner of Banking constitute unfair or deceptive practices in violation of Conn. Gen. Stat. §42-110b(a).

55. Each Defendant is liable to Plaintiff and members of the Class for actual damages, statutory damages, punitive damages and attorneys' fees and costs

## JURY TRIAL DEMAND

56. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

(b) That judgment be entered against Defendants for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

(c) That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

(d) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

(e) That the Court award all remedies provided by remedies provided by Conn. Gen. Stat. §42-110g and 36a-648; and,

(f) That the Court grant such other and further relief as may be just and proper, including punitive damages and injunctive relief.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: May 23, 2008 | **/s/ Joanne S. Faulkner**<br>Joanne S. Faulkner ct04137<br>123 Avon Street<br>New Haven, CT 06511-2422<br>(203) 772-0395 |

**DONOVAN SEARLES, LLC**
David A. Searles, Esquire
1845 Walnut Street, Suite 1100
Philadelphia, PA  19103
(215) 732-6067

**FRANCIS & MAILMAN, P.C.**
James A. Francis
Mark D. Mailman
100 S. Broad Street, 19th Floor
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff and the Class



P.O. Box 939019
San Diego, CA 92193-9019

ADDRESS SERVICE REQUESTED

## Settlement Opportunity

06-24-2007

#BWNHLTH                    2345-2021
#0000 0852 3958 0328#
KENNETH W JONES
184 HIGHLAND AVE
TORRINGTON, CT 06790-4837

| | |
|---|---|
| Contact Information: | Tel (800) 935-4566 |
| | Fax (800) 306-4443 |
| Hours of Operation: | M-Th 6am - 7pm; Fri 6am - 5pm; |
| | Sat 6am - Noon PST |
| Current Owner: | Midland Funding LLC |
| Original Creditor: | FIRST CONSUMER NATIONAL BANK |
| MCM Account No: | 8523958032 |
| Current Balance: | $2,095.06 |
| Payment Due Date: | 08-08-2007 |
| Letter Code: | 07005024 |

Dear KENNETH W JONES,

Welcome! We have a great offer for our new customers.

Midland Funding LLC recently purchased your FIRST CONSUMER NATIONAL BANK account and Midland Credit Management, Inc. ("MCM"), a debt collection company, is the servicer of this obligation. As the new servicer of this account, we would like to find a positive resolution to your account.

Midland Credit Management, Inc. (MCM) is currently able to offer you a substantial discount of *10% off* your Current Balance *if we receive payment by 08-08-2007.*

> What's In It For You? Once MCM receives your payment of $1,885.55, we will:
> - Notify the credit bureaus that the debt is "Paid". *
> - Immediately stop all recovery activity on this account.

To accept this offer, simply detach the Acceptance Certificate below and enclose it with your $1,885.55 payment in the envelope provided. *Please mail your payment no later than 08-01-2007* in order to receive credit for the 10% off discount by the expiration date 08-08-2007.

If you prefer to speak with one of our Account Managers, please contact us at (800) 935-4566.

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

Midland Credit Management, Inc.
(800) 935-4566

*Please tear off and return lower portion with payment in envelope provided*

## Acceptance Certificate

| | |
|---|---|
| MCM Account Number: | 8523958032 |
| Current Balance: | $2,095.06 |
| **Amount Due:** | **$1,885.55** |
| Make Check Payable to: | Midland Credit Management, Inc. |
| Payment Due Date: | 08-08-2007 |

KENNETH W JONES
184 HIGHLAND AVE
TORRINGTON, CT 06790-4837

**mcm**
Midland Credit Management, Inc.
Department 8870
Los Angeles, CA 90084-8870

12 8523958032 8 0188555 080807 3

2021

EXHIBIT A

LT1A



midland credit management, inc.

P.O. BOX 939019
SAN DIEGO, CA 92193-9019

10/19/2007

KENNETH W JONES
184 HIGHLAND AVE
TORRINGTON, CT 06790

RE: FIRST CONSUMER NATIONAL BANK
Account 8523958032
Balance: $2,137.24

Dear KENNETH W JONES

Per your request, enclosed are documents for the above referenced account.

Midland Credit Management Inc. is requesting an immediate payment of balance in full. Upon receipt of the payment and payment clearing the bank, we will report a "paid" status on your credit report for the above referenced account.*

Please call us upon receipt of this letter at 800-825-8131 ext. 2980 so that we may discuss this matter further.

Please understand that this communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Sincerely,

Consumer Relations

Enclosures

*Your credit report will not be updated if the federal reporting period has expired, or we have not previously reported on this account.


EXHIBIT  B


QCMC



**mcm** Dept. 12421
PO Box 1259
Oaks, PA 19456

ADDRESS SERVICE REQUESTED

10-26-2007

#BWNHLTH
#0000 0852 3958 0328#
KENNETH W JONES
184 HIGHLAND AVE
TORRINGTON, CT 06790-4837

2518-390

| | |
|---|---|
| Contact Information: | Tel (800) 939-2353 |
| | Fax (800) 306-4443 |
| Hours of Operation: | M-Th 6am - 7pm; |
| | Fri 6am - 5pm; |
| | Sat 6am - 2:30pm PST |
| Current Owner: | Midland Funding LLC |
| Original Creditor: | FIRST CONSUMER NATIONAL BANK |
| Original Account No: | 5425780035491912 |
| MCM Account No: | 8523958032 |
| Current Balance: | $2,139.83 |
| Payment Due Date: | 11-25-2007 |
| Letter Code: | 07837007 |

Dear KENNETH W JONES,

Midland Credit Management, Inc. has made several attempts to contact you regarding the following account:

**Current Owner:** Midland Funding LLC
**Original Creditor:** FIRST CONSUMER NATIONAL BANK
**MCM Account No:** 8523958032
**Current Balance:** $2,139.83

This letter is to inform you that Midland Credit Management, Inc. is considering forwarding this account to an attorney with the intent to initiate legal action to satisfy the debt.

Please contact our office immediately at (800) 939-2353 to make arrangements to pay this debt and prevent any legal action on your account.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

Sincerely,
Midland Credit Management, Inc.

*Please tear off and return lower portion with payment in envelope provided*

### Payment Coupon

| | |
|---|---|
| MCM Account No: | 8523958032 |
| Current Balance: | $2,139.83 |
| Amount Due: | $2,139.83 |
| Make Check Payable to: | Midland Credit Management, Inc. |
| Payment Due Date: | 11-25-2007 |

KENNETH W JONES
184 HIGHLAND AVE
TORRINGTON, CT 06790-4837

**mcm**
Midland Credit Management, Inc.
Department 8870
Los Angeles, CA 90084-8870

12  8523958032  8  0213983  112507  4

390

3A88

EXHIBIT C