```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


KENNETH W. JONES, on behalf    :
of himself and all others      :
similarly situated,            :
                               :
     Plaintiff,                :
                               :
     v.                        :    CASE NO. 3:08cv802(RNC)
                               :
MIDLAND FUNDING, LLC,          :
MIDLAND CREDIT MANAGEMENT,     :
INC.,                          :
                               :
     Defendants.               :
```

### RULING ON PLAINTIFF'S MOTION TO PRECLUDE

The plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., alleging that the defendants' letters fail to accurately state the amount of the debt in violation of 15 U.S.C. §§ 1692e(2)(A) and 1692g(a)(1). Specifically, the plaintiff alleges that the letters do not state that the amount of the debt might vary from day to day because of interest, late charges or other charges, a disclosure that he maintains is required by the FDCPA and Miller v. McCall, Raymer, Padrick, Cobb, Nichols & Clark LLC, 214 F.3d 872 (7th Cir. 2000). (Compl. ¶17.) The plaintiff further alleges that the letters fail to notify him of his right to obtain an exact, up to date amount of the debt. (Compl. ¶18.) Pending before the court is the plaintiff's motion to exclude the expert testimony of Manuel Newburger ("Newburger") to the extent that it is offered on the

issue of liability for the purpose of summary judgment.[1]  (Doc. #37.)

I. <u>Background</u>

Newburger is a Texas attorney who specializes in fair debt collection practices law.  (Doc. #43, Ex. A, Expert Report at 5.)  In addition to practicing law, Newburger is an adjunct faculty member of the University of Texas School of Law where he teaches consumer protection law.  He is the president of Fair Debt Collections, LLC, which provides training and management consulting services to the debt collection industry.

The defendants offer Newburger as an expert "who will be called to provide an opinion and testify for any dispositive motion and during the trial of this case."  (Expert Report at 1.)  The defendants requested Newburger's opinion as to whether their "collection letters were consistent with collection industry standards."  (Expert Report at 2.)  Newburger bases his opinion on his review of the applicable provisions of the FDCPA "together with pertinent sections of [his] book, M. Newburger and B. Barron, <u>Fair Debt Collection Practices: Federal and State Law and Regulation</u>," various caselaw and his experience in prosecuting and defending FDCPA cases.  (Expert Report at 1.)  He compiled a list of industry

---

[1]The plaintiff clarifies that at this juncture, he is not moving to preclude Newburger "to the extent his testimony is offered as to the ensuing issue of the amount of liability." (Pl's Reply Br. at 2.)

standards based on the text of the FDCPA, caselaw, the Federal Trade Commission's Staff Commentary on the FDCPA and applicable state law statutes and regulations.[2] (Expert Report at 7-8.)

Newburger opines that "[i]n situations where the consumer's 'current balance' increases over time the applicable standards do not include a requirement that the debt collector's letters state words to the effect that the amount of the debt might vary from day to day due to interest, late fees or other charges." (Expert Report at 10.) Newburger goes on to distinguish the case upon which the plaintiff relies, Miller v. McCall, Raymer, Padrick, Cobb, Nichols & Clark LLC, 214 F.3d 872 (7th Cir. 2000). Newburger further states that "applicable industry collection standards do not require that the debt collector's letters inform the consumer

---

[2]These standards include the following:

| Standard | Source |
|---|---|
| The initial notice letter should comply with the validation notice requirements of 15 U.S.C. § 1692g. | 15 U.S.C. § 1692g(a); FTC Staff commentary on Section 809 of the FDCPA; Conn. Agencies Regs. §§ 36a-809-3(h)(1)(A) - 36a-809-3(h)(1)(E) |
| The information contained in the validation notice should be accurate. | 15 U.S.C. § 1692e(a); FTC Staff commentary on Section 807 of the FDCPA; Conn. Agencies Regs. §§ 36a-809-3(f) and 36a-647-6. |
| The validation notice should state the total balance claimed to be due as of the date of the letter. | 15 U.S.C. § 1692g(a); Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, LLC, 214 F.3d 872 (7th Cir. 2000). |

Expert Report at 9.

of an alleged right to obtain 'an exact, up to date amount of the debt allegedly due.'  In fact, the industry does not recognize any such right and I am not aware of any provision of the FDCPA which expressly mandates such a disclosure."  (Expert Report at 11-12.)

II. Discussion

The plaintiff moves to preclude Newburger's testimony because he opines whether the letters violate the FDCPA and "the issue of compliance with the provisions of the FDCPA is a legal issue for the court to decide."  (Doc. #37-2, Pl's Mem. at 1.)  In addition, the plaintiff contends that Newburger's opinion is not relevant because "industry standards are not at issue in this case."  (Doc. #37-2, Pl's Mem. at 3.)

The defendants contend that Newburger's testimony should be admitted to "aid[] the fact finder in determining whether there is any legal liability in this matter and therefore any necessary statutory damages."  (Doc. #43, Def's Oppn at 8.)  According to the defendants, there are industry standards "which, if followed, do not violate the FDCPA and expert testimony is necessary to explain those standards to any fact finder in this matter."[3]  (Doc. #43, Defs' Oppn at 1.)  They maintain that although "Newburger's testimony relative to the industry standards will assist the trier

---

[3]The defendants have not offered any legal authority as to the relevance of "industry standards" in determining the issue presented here, that is, whether the defendants' letters complied with the FDCPA's requirement that a debt collector accurately state the amount of the debt. 15 U.S.C. § 1692g(a)(1).

of fact in ultimately deciding liability in this matter, it is not objectionable" because it embraces an ultimate issue and cite as support Fed. R. Evid. 704(a) ("Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.") (Defs' Oppn at 5.)

"It is well-established that the 'trial judge has broad discretion in the matter of the admission or exclusion of expert evidence.'" Boucher v. United States Suzuki Motor Corp., 73 F.3d 18, 21 (2d Cir. 1996).  "[A]n expert should not be permitted to express an opinion that is merely an interpretation of federal statutes or regulations, as that is the sole province of the Court." DeGregorio v. Metro-North R. Co., No. 3:05cv533(JGM), 2006 WL 3462554, at *3 (D. Conn. Nov. 1, 2006). See United States v. Feliciano, 223 F.3d 102, 121 (2d Cir. 2000) ("[i]n evaluating the admissibility of expert testimony, this Court requires the exclusion of testimony [that] states a legal conclusion."); United States v. Bilzerian, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissable."); United States v. Scop, 846 F.2d 135, 139 (2d Cir.)("[Expert witness] statements embodying legal conclusions exceed[ ] the permissible scope of opinion testimony under the Federal Rules of Evidence."), rev'd in part on reh'g on other grounds, 856 F.2d 5 (2d Cir. 1988).

Newburger's testimony and expert report were at issue in McCabe v. Crawford & Co., 272 F. Supp.2d 736 (N.D. Ill. 2003), a FDCPA case.  In ruling on a motion to preclude, the court found that Newburger's report was "filled with legal conclusions and inappropriate opinions" and held that he "may not expound on what complies and does not comply with the FDCPA; these are inappropriate legal conclusions."  Id. at 740.  The court granted the motion to exclude Newburger's report and emphasized that neither his report nor deposition were used in reaching the court's decision on summary judgment.  Id. at 741.  The court denied the motion to exclude him as a witness because he "might have relevant testimony regarding industry standards and practices" as to the issue of damages.  Pursuant to 15 U.S.C. § 1692k(b), the fact finder examines various factors in determining damages.  The court held that Newburger's testimony "with respect to collection agency standards and practices will aid the fact finder as to two of the four FDCPA factors: the nature of the noncompliance and the extent to which the noncompliance was intentional."  Id. at 740-41.  The court cautioned that should Newburger testify, he must avoid "mak[ing] legal conclusions regarding any of the four factors or to opine on the seriousness of the violations or the amount of damages."  Id. at 740.

In this case, Newburger's opinion regarding "industry standards" is a thinly disguised legal opinion as to whether the

defendants' letters violate the FDCPA.  The defendants' reliance on Rule 704 in support of the admission of his opinion is misplaced.  Rule 704 requires that an expert opinion, notwithstanding that it may reach an "ultimate issue," must be "otherwise admissible."  An expert's opinion must, among other things, "assist the trier of fact to understand the evidence or to determine a fact in issue," within the meaning of Federal Rule of Evidence 702.  "Legal conclusions as to ultimate issues generally do not assist the trier of fact because they simply tell the trier of fact what result to reach."  Klaczak v. Consolidated Medical Transport Inc., No. 96 C 6502, 2005 WL 1564981, at *8 (N.D. Ill. May 26, 2005).  "[R]ule 704 was not intended to allow experts to offer opinions embodying legal conclusions."  United States v. Scop, 846 F.2d 135, 139 (2d Cir.), rev'd in part on reh'g on other grounds, 856 F.2d 5 (2d Cir. 1988).

Because Newburger's opinion contains legal conclusions that impermissibly invade the province of the court, it may not be considered in determining liability.  See Hamilton v. American Corrective Counseling Services, Inc., No. 3:05CV434, 2006 WL 2873622, at *2 (N.D. Ind. Oct. 4, 2006)(court granted motion to exclude Newburger's testimony, finding that the "industry standards" proffered by Newburger were coextensive with the FDCPA and that "[w]hen Mr. Newburger testifies about the practices of the industry, he is offering his legal opinion"); McCabe v. Crawford & Co., 272 F. Supp.2d 736 (N.D. Ill. 2003).

III. Conclusion

For these reasons, the plaintiff's motion to preclude Newburger's testimony is granted to the extent it is offered as to the issue of liability and denied without prejudice to the extent that it is offered as to the issue of damages.

SO ORDERED at Hartford, Connecticut this 19th day of May, 2009.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge