```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

KENNETH W. JONES, on behalf    :
of himself and all others      :
similarly situated,            :
                               :
     Plaintiff,                :
                               :
     v.                        :    CASE NO. 3:08cv802(RNC)
                               :
MIDLAND FUNDING, LLC,          :
MIDLAND CREDIT MANAGEMENT,     :
INC.,                          :
                               :
     Defendants.               :
```

RULING ON PLAINTIFF'S MOTIONS TO COMPEL

The plaintiff brings this putative class action alleging that the defendants' collection letters fail to accurately state the amount of the debt in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and Connecticut state law.  Pending before the court are the plaintiff's motions to compel (doc. #27, 30 and 55).  The court rules as follows:

     1.   Interrogatories 2 and 3 are withdrawn without prejudice. (Tr. at 6-7.)

     As to interrogatories 4 and 5 and requests for production 8, 13, 15 and 22, the defendants assert that the requests are unduly burdensome.  "Under well-settled law, the party resisting production bears the responsibility of establishing undue burden." Michanczyk v. Metropolitan Life Ins. Co., No. 3:05CV1903, 2007 WL 926911, at *2 (D. Conn. Mar. 26, 2007).  The defendants have made no showing as to the nature and extent of the actual burden they

would face in responding to the plaintiff's requests.  See, e.g., In re In-Store Advertising Sec. Lit., 163 F.R.D. 452, 455 (S.D.N.Y. 1995) ("If a party resists production on the basis of claimed undue burden, it must establish the factual basis for the assertion through competent evidence.").  In the absence of any showing, the court cannot sustain the defendants' burdensomeness objection.

    2.   Interrogatories 4 and 5 and request for production 8, which seek information regarding the calculation of interest and other charges, are granted.

    3.   Request for production 13 is denied without prejudice to reformulating.

    4.   Requests for production 15 and 22, as limited by the plaintiff to interest and other charges, are granted.  (Tr. at 17-18.)

    5.   Interrogatories 9, 13 and 14 are granted.  (Tr. at 19.)

    6.   Request for production 21, insofar as it seeks the number of form letters with the same identifying code as those sent to the plaintiff, and instructions as to the use of those letters, is granted.  On the present record, the request for evaluations is denied on the grounds of relevance.

    7.   Interrogatories 15 and 16 seek information as to the defendants' allegation that the plaintiff's action was brought "in bad faith and for the purpose of harassment," for which they can seek attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

These are contention interrogatories, which are permitted by Federal Rule of Civil Procedure 33(c) and serve "to discover the theory of the responding party's case." Sheehy v. Ridge Tool Co., 2007 WL 1020742, *1 (D. Conn. 2007). Such interrogatories "may ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts." Strauss v. Credit Lyonnais, S.A., 242 F.R.D. 199, 233 (E.D.N.Y. 2007). The interrogatories are granted.

8. Request for production 5, which seeks all documents regarding the purchase/securitization of the plaintiff's debt, and request for production 27, which seeks all documents between the defendants and First Consumers National Bank, are denied as overbroad. The plaintiff may reformulate the requests, and the parties are encouraged to work together to resolve any remaining dispute.

9. Request for production 7 seeks the servicing agreement between the two defendants. The defendants agree to produce it only if the plaintiff enters a confidentiality agreement. The plaintiff declines to do so, contending that it is not confidential. (Tr. at 43-44.) The request is granted. The defendants have not demonstrated that the document is confidential. See Gratton v. United Parcel Service, Inc., No. 07-3071, 2008 WL 4934056, at *3 (E.D.N.Y. Nov. 14, 2008) (in determining whether a

document should be designated as confidential, thus restricting its disclosure, the "party resisting disclosure must demonstrate that the information sought is confidential, . . . and that 'good cause exists for issuance of that order.'")

10. Request for Production 16, which seeks an organizational chart, subsequently was produced at Mr. Freter's deposition. Accordingly, the request to compel is denied as moot.[1]

11. Request for Production 19 seeks Midland Funding's financial information.[2] The plaintiff argues that the information is relevant to damages to which the class is entitled. The request is granted.

12. Request for Production 20, which seeks Midland Funding's income tax returns, is granted.

13. Request for production 6 seeks records of the defendants' communications regarding the plaintiff's account. The defendants provided a privilege log, which the plaintiff argues is inadequate. The plaintiff further claims that the defendants improperly withheld entire documents rather than redacting the portions they contend are privileged.

---

[1] The issue of its confidentiality is the subject of a subsequent motion. (Doc. #56.)

[2] According to the plaintiff, Midland Credit Management provided it with a stipulation, obviating the need for its financial records. (Tr. at 51.) The FDCPA limits damages to the lesser of $500,000 or 1% of the net worth of the defendant. See 15 U.S.C. § 1692k(a)(2)(B).

It is well settled that "the burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship." von Bulow v. von Bulow, 811 F.2d 136, 144 (2d Cir. 1987).

> That burden cannot be met by mere conclusory or ipse dixit assertions in unsworn motion papers authored by attorneys. . . . An essential step in meeting the burden of establishing the existence of a privilege or an immunity from discovery is the production of an adequately detailed privilege log sufficient to enable the demanding party to contest the claim. . . . The purpose of preparing the privilege log is to assist the court and the parties in performing the careful analysis that a privilege or immunities evaluation demands. . . . The privilege log should: identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure. Other required information, such as the relationship between individuals not normally within the privileged relationship, is then typically supplied by affidavit or deposition testimony. Even under this approach, however, if the party invoking the privilege does not provide sufficient detail to demonstrate fulfillment of all the legal requirements for application of the privilege, his claim will be rejected.

Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co., 240 F.R.D. 44, 47 (D. Conn. 2007) (internal quotation marks and citations omitted).

> In asserting a claim of privilege, counsel must take care not to withhold unprivileged information. It is not proper to withhold an entire document from discovery on grounds that a portion of it may be privileged. Where a document purportedly contains some privileged information, the unprivileged portions of the document must be produced during discovery. The proper procedure in such instances is to redact the allegedly privileged communication, and produce the redacted document.

Expert Choice, Inc. v. Gartner, Inc., No. 3:03CV02234 (CFD)(TPS), 2007 WL 951662, at *5 (D. Conn. Mar. 27, 2007).

As the plaintiff noted, the privilege log indicates the authors and recipients but does not indicate whether they are attorneys and provides little to no information about the content or why it is privileged. The court shall permit the defendants an opportunity to prepare a privilege log containing sufficient substantive detail to permit a determination whether the documents are privileged. The defendants shall provide the plaintiff with the new log within ten days of this order.

### Plaintiff's second motion to compel (doc. #30)

1.  Interrogatory 17, as modified by the plaintiff to the names of the officers, directors and shareholder of Midland Funding, is granted. (Tr. at 67.)

2.  Interrogatory 18, which seeks the identity of the individuals who executed the June 15, 2007 purchase and sale agreement, is granted.

3.  Requests for production 29 and 30 are granted.

### Plaintiffs' motion to compel production of documents and deposition appearance (Doc. #55)

The plaintiff's request for Midland Funding's financial documents is duplicative of production request 19 and its motion to compel is denied as moot in light of the court's ruling as to that request. The plaintiff's motion to compel the production of the Excel spreadsheet, which provides the underlying numbers from which the exhibit produced in Mr. Freter's deposition (Freter 1) was compiled and to which the defendant's witness testified, is

granted. The plaintiff did not propound a request for the production of licensing documents and that request is denied. The plaintiff's request to re-depose Mr. Freter is denied without prejudice. If, after review of the defendant's financial documents, the plaintiff believes further deposition is warranted, he may file a motion, outlining the specific information he seeks to elicit and the estimated time needed for the deposition.

The parties are encouraged to meet and confer in a good faith effort to resolve any disputes.

SO ORDERED at Hartford, Connecticut this 22nd day of September, 2009.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge