## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **KENNETH W. JONES, on behalf of** | ) | |
| **himself and all others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C.A. NO. 08-802 (RNC) (DFM)** |
| | ) | |
| **MIDLAND FUNDING LLC, and** | ) | |
| **MIDLAND CREDIT MANAGEMENT, INC.** | ) | **CLASS ACTION** |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR
### SUMMARY JUDGMENT

Plaintiff Kenneth W. Jones, by counsel, hereby opposes the Motion for Summary Judgment filed by Defendants Midland Funding LLC and Midland Credit Management, Inc., including the Revised Motion filed on November 2, 2009, and requests partial summary judgment as to liability under Fair Debt Collection Practices Act (Count I), the Connecticut Creditors' Collection Practices Act (Count II), and the Connecticut Unfair Trade Practices Act (Count III), based on the Defendants' failure to accurately disclose the amount of the purported debt to him or the Class that he represents. There are no genuine issues of material fact as to Plaintiff's claims, which depend on the undisputed contents of the letters sent to him.

## I.    INTRODUCTION

Plaintiff Jones sued Defendants Midland Funding LLC ("Funding") and Midland Credit Management, Inc. ("MCM") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") (Count I), the Connecticut Creditors' Collection Practices Act, Conn. Gen. Stat. § 36a-645 *et seq.* ("CCPA") (Count II), and the Connecticut Unfair Trade Practices

Act, Conn. Gen. Stat. § 42-110b, -g ("CUTPA") (Count III), alleging that Defendants did not accurately state the amount of the debt in their communications to him.

In particular, Plaintiff contends that Defendants' form collection letters, attached to the Complaint (the "Letters"), failed to disclose to the consumer that the amount of the debt might vary from day to day because of, for example, interest, late charges or other charges, nor did the Letters notify the consumer of his right to obtain an exact, up-to-date amount of the debt allegedly due.  As such, the Letters violated the FDCPA by not stating the amount of the alleged debt.  15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, 1692g(a)(1).[1]  The violations asserted are identical under federal and state law, except that the federal FDCPA and state CCPA have a one year statute of limitations, 15 U.S.C. §1692k(d), Conn. Gen. Stat. § 36a-648(d); and the CUTPA has a three year statute of limitations. Conn. Gen. Stat. §42-110g(f).

In addition, Plaintiff contends that Defendants, by sending the Letters, engaged in a practice determined by the Connecticut Commissioner of Banking to be an unfair or deceptive act or practice, *i.e.*, by violating the regulations, reported at Conn. Agencies Regs. §36a-647-6 (applicable Funding), and Regs. §36a-809-11 and -13 (applicable to MCM) which preclude creditors and collectors from false or misleading representations and are identical in all pertinent respects to the prohibitions at issue set forth in the federal statute, the FDCPA 15 U.S.C. § 1692e, –g.

By Order entered October 13, 2009, the Court granted in part and denied in part Plaintiff's Motion for Class Certification.  (Doc. 82).  The Court certified a class under Rule

---

[1] A violation of § 1692g is also a violation of § 1692e. *Russell v.  Equifax A.R.S.*, 74 F.3d 30, 36 (2d Cir. 1996).

23(b)(3) as to Plaintiff's claim under the FDCPA[2] and denied, without prejudice, the request to certify the CUTPA and the CCPA claims.  *Id.*

## II.    STATEMENT OF UNDISPUTED FACTS

The following recitation of undisputed facts is summarized from Plaintiff's Local Rule 56(a)(2) Statement, filed simultaneously herewith

This action arises out of the Defendants' direct or indirect attempts to collect an alleged debt from the Plaintiff relative to a personal First Consumers National Bank ("FCNB") account that Defendant Funding claims to have purchased in or about June 2007.  On June 24, 2007, the Defendant MCM sent to Plaintiff a collection or dunning letter (the "June 24 Letter").  The June 24 Letter stated that a "Current Balance" was due in the amount of $2,095.06.  Then, on October 19, 2007, MCM sent to Plaintiff another collection or dunning letter (the "October 19 Letter") which claimed $2,137.24 as due  Then, on October 26, 2007, MCM sent to Plaintiff a third letter (the "October 26 Letter"), in which Defendants claimed the amount due as $2,139.83.  Thus, the balance due as claimed by Defendants increased with each Letter.

None of the Letters stated that the amount of the debt might vary from day to day because of, for example, interest, late charges, or other charges.  Furthermore, none of the Letters notified Plaintiff of his right to obtain an exact, up-to-date amount of the debt allegedly due.  *Miller v. McCalla, Raymer, Patrick, Cobb, Nichols & Clark, LLC*, 214 F. 3d 872 (7th Cir. 2000), sets forth "the debt collector's duty to state the amount of the debt in cases like this where the amount

---

[2]    The FDCPA class certified by the Court's Order adopted the Plaintiff's proposed definition in his motion: "All persons in the State of Connecticut to whom, during the one year prior to May 27, 2008, Defendants sent one or more Letters or other communications substantially in the form of one of the Letters in an attempt to collect a non-business debt, which letters were not returned as undeliverable by the Postal Service." (Doc. 38).

varies from day to day." *Id.* at 876. *Accord*, *Dragon v. I.C. System, Inc.*, 483 F. Supp. 2d 198, 203 (D. Conn. 2007); *Goins v. JBC & Assocs.,* 352 F. Supp. 2d 262, 269 (D. Conn. 2005).

In the case at bar, the Defendants did not comply with that duty.

Here, there is no genuine issue of material fact regarding the Letters which Defendants sent to Mr. Jones; the Letters are all written documents that show the violation on their face. There is also no dispute that the three Letters sought increasing balances that Defendants claimed due from Plaintiff.[3]  Thus, a grant of summary judgment on liability is appropriate in this case.

## III.   LEGAL ARGUMENT

### A.   Plaintiff Is Entitled To Summary Judgment On Liability As A Matter Of Law

The form standardized Letters sent by Defendants have definitively violated the FDCPA, specifically sections 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692g(a)(1) and parallel state Regulations.   The Defendants' violations of these provisions are shown by the following conduct:

- Defendants used false, deceptive, or misleading representations[4] or means in connection with collection of an alleged debt;

---

[3]     Defendants' Local Rule 56(a)(1) Statement does not dispute the authenticity of the Letters nor the fact that each Letter demanded an increasing amount due.  Their argumentative Statement instead makes a series of extraneous, irrelevant, speculative, and immaterial factual allegations, which we respectfully request the Court to ignore.  In  *Jacobson v. Healthcare Financial Services*, 516 F.3d 85 (2d Cir. 2008), the Court rejected the lower court's reliance on "Jacobson's acknowledgment that the underlying debt was valid, and his admission that he did not feel 'harassed, threatened or misled by the letter'"  and stated instead that such facts were "neither here nor there." *Id.* at 96.

[4]     The FDCPA's prohibition against "any false, deceptive, or misleading representation or means" [§1692e] includes misrepresentation by omission.  Omission of a material fact is misrepresentation under common law (RESTATEMENT OF TORTS (SECOND) §§ 529, 551) and deceptive under the Federal Trade Commission Act of 1934. *Ingham v. Eastern Air Lines, Inc.*,

- Defendants falsely represented the character and amount of an alleged debt;

- Defendants used false representations or deceptive means to collect or attempt to collect a debt;

- Defendants used unfair or unconscionable means to collect or attempt to collect an alleged debt; and,

- Defendants failed to provide the Plaintiff with a written notice containing the amount of the alleged debt.

   1. <u>**The applicability of the FDCPA, CUTPA and the CCPA**</u>

   Plaintiff meets the essential three requirements to establish a violation of the FDCPA. Under the FDCPA, (1) the plaintiff is the consumer who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) the defendant collecting the "debt" is a "debt collector" as defined, and (3) the defendant has engaged in any act or omission in violation of the prohibitions or requirements of the law. *Kolker v. Duke City Collection Agency*, 750 F. Supp. 468, 469 (D.N.M. 1990); *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 175-76 (W.D.N.Y. 1988); *Withers v. Eveland*, 988 F. Supp. 942, 945 (E.D. Va. 1997); *Whatley v. Universal Collection Bureau, Inc.*, 525 F. Supp. 1204, 1206 (N.D. Ga. 1981). The FDCPA provides for actual and for class statutory damages. 15 U.S.C. §1692k(a)(2)(B).

   Plaintiff also meets the requirements for a CUTPA claim. To the extent the Defendants violated the FDCPA, they also violated CUTPA.[5] Conn. Gen. Stat. §36a-806 prohibits collection

---

373 F.2d 227, 239 (2d Cir. 1967); *Bailey Employment System, Inc. v. Hahn*, 545 F. Supp. 62, 67 (D. Conn. 1982), aff'd, 723 F.2d 895 (2d Cir. 1983).

[5] *Macomber v. Travelers Property & Casualty Corp.*, 261 Conn. 620, 645 & n.14, 804 A.2d 180 (2002) (CUTPA used as vehicle through which to bring claim alleging unfair trade practices by virtue of violation of another statute, regardless of whether underlying statute conveyed private right of action that could stand alone); *Eder Bros., Inc. v. Wine Merchants of*

agencies from engaging in any practice determined by the Connecticut Commissioner of Banking to be an unfair or deceptive act or practice. The Commissioner has adopted regulations, reported at Conn. Agencies Regs.   §36a-809-11, -13, precluding false or misleading representations identical to the prohibitions of the FDCPA, § 1692e and -g.  Remedies available under CUTPA include actual damages, injunctive relief and punitive damages.

Finally, the undisputed facts also support a ruling in favor of Plaintiff for liability under the CCPA.   Conn. Gen. State § 36a-647 prohibits creditors (Funding) from engaging in any practice determined by the Connecticut Commissioner of Banking to be an unfair or deceptive act or practice. The Commissioner has adopted regulations, reported at Conn. Agencies Regs. §36a-647-6, precluding false or misleading representations identical to the prohibitions of the FDCPA, §1692e.  Under the CCPA, Conn. Gen. Stat. §36a-648, Funding is liable to Plaintiff and members of the putative Class for actual damages, statutory damages, and attorneys' fees and costs for actions taken on and after one year prior to the filing of the Complaint.

### 2.   Each Defendant Is a Debt Collector

A "debt collector" is "any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15   U.S.C. § 1692a(6).   Defendants have admitted in their Amended Answer to the Complaint, at ¶¶ 5-6, that they are each a debt collector within the meaning of the FDCPA. (Doc. 12).  Further, Defendants have conceded in other litigation that they are each a "debt collector" within the meaning of the FDCPA. *Midland Funding, LLC v. Brent*, 2009 WL

---

*Connecticut, Inc.*, 275 Conn. 363, 381, 880 A.2d 138 (2005) ("violation of another statute can serve as the basis for a CUTPA claim"); *Scrivani v. Vallombroso*, 99 Conn. App. 645, 652 n. 5, 916 A.2d 827, *cert. denied*, 282 Conn. 904, 920 A.2d 309 (2007).

2437243 (N.D. Ohio Aug. 11, 2009) (Funding and MCM's submission of false and misleading

affidavit violated FDCPA); *Miller v. Midland Credit Management, Inc.*, 2009 WL 648629, *10

n. 4 (N.D. Ill. March 10, 2009).  The public filings of Defendants' parent, Encore Capital Group,

Inc., under the Securities and Exchange Act, document Encore's activities as a debt collector as

well.  *Miller*, 2009 WL 648629 at *10-11.

### 3.       Plaintiff is a Consumer

A "consumer" is "any natural person obligated or allegedly obligated to pay any debt."

15 U.S.C. § 1692a(3). A "debt" is "any obligation or alleged obligation of a consumer to pay

money arising out of a transaction in which the money, property, insurance, or services which are

the subject of the transaction are primarily for personal, family, or household purposes, whether

or not such obligation has been reduced to judgment."  Since the credit card transactions at issue

involved purchases for personal, family or household purposes, Plaintiff is a consumer.

Plaintiff's Affirmation in Support of Summary Judgment, attached to Plaintiff's Local Rule

56(a)(2) Statement.

### 4.       Defendants Violated the FDCPA

To summarize the discussion that follows, Defendants violated the FDCPA by failing to

accurately disclose the correct amount due on the alleged debt.  *Dragon*, 483 F. Supp. 2d at 201-

03 (discussing cases).

The FDCPA is a strict liability statute. *Russell v. Equifax A.R.S.*, 74 F.3d 30, 36 (2d Cir.

1996); *Bentley v. Great Lakes Collection Bureau, Inc.*, 6 F.3d 60, 63 (2d Cir. 1993).  "At the

outset, it should be emphasized that the use of any false, deceptive, or misleading representation

in a collection letter violates § 1692e regardless of whether the representation in question

violates a particular subsection of that provision." *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993).[6]

.      The standard used to determine whether something is deceptive or misleading is whether the "least sophisticated consumer" could have been deceived or misled. *Clomon*, 988 F.2d at 1318. The "least sophisticated consumer" is a naive, credulous, gullible, ignorant, unthinking, person of "below-average sophistication or intelligence" "with a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id*. A letter is deceptive or misleading if it is subject to an inaccurate yet reasonable interpretation by the least sophisticated consumer. *Russell*, 74 F.3d at 36.

Whether a letter is deceptive or misleading from the perspective of the least sophisticated consumer is ordinarily a question of law for the Court, where a defendant has not conceded liability. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237‑38 (2d Cir. 1998), citing *Russell*, 74 F.3d at 33, and *Bentley*, 6 F.3d at 62‑63.

Here, Defendants failed to disclose accurately the amount due. The Letters sent by Defendants to Plaintiff violated the various provisions of the FDCPA set forth *supra*, by asserting flatly in the collection letters that the amount due was a sum certain. The assertion was untrue, and known to be untrue, since Defendants were attempting to collect a balance that they knew would increase over time on a *per diem* basis by the amount of interest accrued and late charges. An accurate disclosure would have revealed that the sum would increase over the course of time. Plainly, the least sophisticated consumer would take Defendants at their word.

---

[6]      Under the FDCPA, a defendant may assert a bona fide error defense by showing "by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Defendants have asserted no such defense in this case. Amended Answer (Doc. 12).

Defendants' statement that a definite sum was due, even though Defendants knew that the amount would increase daily during the course of collection, was untrue, misleading and deceptive. Defendants may not misrepresent the "character, amount, or legal status" of the debt. 15 U.S.C. § 1692e(2)(A). By increasing the amount in each letter, without explaining at the outset that it would increase, or why it would increase, Defendants deprived the consumer of his right to dispute "any portion" of the debt. 15 U.S.C. §1692g(a)(3), (4).

Nondisclosure of the amount of the debt, where the debt will increase over the course of the collection, is a well recognized violation of the FDCPA. *Miller*, 214 F. 3d at 875-76; *Dragon,* 483 F. Supp. 2d at 201-03.

### a.  <u>*Miller* and the cases that follow it support Plaintiff's claims</u>

Since 2000, Defendants have known they would have been well advised to use the "safe harbor" disclosure set forth by the Seventh Circuit:

> We hold that the following statement satisfies the debt collector's duty to state the amount of the debt in cases like this where the amount varies from day to day: "As of the date of this letter, you owe $      [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800-[phone number]."

*Miller,* 214 F. 3d at 876.

This is a standard to be satisfied by all debt collectors who are collecting on a debt in an amount that varies from day to day.  This is exactly the issue in the case at bar.  The Defendants did not come close to satisfying this standard because their Letters did not include the language as advised by *Miller*.  Each Letter demanded a certain amount due.  There was no mention of day to day variances.  As the *Miller* court further noted, "[t]he unpaid principal balance is not the

debt; it is only a part of the debt; the Act requires statement of the debt." *Id*. at 875.  Defendants Funding and MCM failed to satisfy these requirements.[7]

Defendants wrongly characterize *Miller* as inapposite.  Def. Mem. at p.10.  *Miller*, and the many cases that follow *Miller*, are directly applicable because the alleged debt at issue, as illustrated by the series of three Letters that the Defendants sent to the Plaintiff, clearly varied in amount from day to day.  The Defendants' Letters totally failed to meet the FDCPA's requirement to disclose the exact amount of debt due in their dunning letters for a debt that varied daily.

Besides *Miller*, scores of other cases, including the following sampling, show that Defendants' Letters violated the FDCPA:

• *Collins v. Feiwell & Hannoy, P.C.*, 2008 WL 4810550 (S.D. Ind. Oct 30, 2008) (letter stated that interest would accrue, but an unsophisticated consumer may be confused not only as to how the future interest will accrue, but also what amount it will continue to accrue upon).

• *Smith v. Lyons, Doughty & Veldhuius, P.C.*, 2008 WL 2885887, *9 (D.N.J. July 23, 2008) (following *Dragon,* letter violated FDCPA by failing to indicate date as of which balance was calculated and failed to disclose that interest would continue to accrue).

_____

[7]     Defendants weakly suggest they achieved compliance by the inclusion of an 800 number in the Letters.  Def. Statement, ¶ 4.  But the plain language of the Letters shows that the 800 number was included, not so the consumer could ascertain the varying amount, as in *Miller*, but instead to "speak with one of our Account Managers" regarding payment of a discounted amount (letter of June 24, 2007); "so that we may discuss this matter further" (October 19, 2007 letter); and, "to make arrangements to pay this debt and prevent any legal action on your account" (October 26, 2007 letter).

Moreover, as the court stated in *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562 (7th Cir. 2007), simply including an 800 number in a letter does not satisfy FDCPA obligations. 383 F.3d at 566, relying on *Miller*, 214 F.3d at 875 ("It is notorious that trying to get through to an 800 number is often a vexing and protracted undertaking, and anyway, unless the number is recorded, to authorize debt collectors to comply orally would be an invitation to just the sort of fraudulent and coercive tactics in debt collection that the Act aimed (rightly or wrongly) to put an end to").

- *Russell v. Hartweg*, 2008 WL 2157122 (W.D.N.Y. May 20, 2008) (letter did not clearly convey amount of debt).

- *Dragon v. I.C. System, Inc.*, 483 F.Supp.2d 198, 202-03 (D. Conn. 2007) (debt collector not only failed accurately to disclose the amount of the debt they were collecting as mandated by section 1692g(a)(1), but simultaneously misrepresented its character (as fixed) and its legal status (not disclosing that it was continuing to accrue late charges and interest), in violation of sections 1692e(2)(A) and (10)).

- *Goins v. JBC & Assocs.*, 352 F. Supp. 2d 262, 269 (D. Conn. 2005) (collector violated FDCPA by misrepresenting amount of debt).

- *Kolganov v. Phillips & Cohen Associates, Ltd.*, 2004 WL 958028, *3 (E.D. N.Y. April 8, 2004) (FDCPA objective is to require collectors to clearly convey amount of debt owed).

- *McDowall v. Leschak & Grodensky, P.C.*, 279 F.Supp. 197, 200 (S.D.N.Y. 2003) ("By leaving an indeterminate amount of interest in the balance due, a collection letter leaves the least sophisticated consumer unsure of the magnitude of the debt").

- *Ingram v. Corporate Receivables, Inc.*, 2003 WL 21018650 (N.D. Ill. May 5, 2003) (Initial demand letter that disclosed an exact amount allegedly owing did not comply with § 1692g(a)(1) where the amount included interest that changes periodically and the letter did not expressly state as of what date that amount was due or what impact payment of the stated amount would have on the consumer's obligation to pay later-accruing interest).

- *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F.Supp.2d 336, 341 (E.D.N.Y. 2002) (letter demanding certain amount plus an undetermined additional amount presented the least sophisticated consumer "with, at best, an unclear and, at worst, contradictory message regarding the amount she owes").

- *Person v. Stupar, Schuster & Cooper, S.C.*, 136 F.Supp.2d 957, 962 (E.D. Wisc. 2001 (failure to inform debtor of precise amount owed or that amount was subject to change violated Act).

- *Jackson v. Aman Collection Service, Inc*., 2001 WL 1708829, *4 (S.D. Ind. Dec. 14, 2001) (same).

- *Bawa v. Bowman, Heintz, Boscia & Vacian*, 2001 WL 618966 (S.D. Ind. May 30, 2001) (same).

As these cases recognize, it is certainly false, deceptive, misleading, unfair and unconscionable for a debt collector to allow the least sophisticated consumer to think that he owed $2,095.06 on one day, only to find out that the debt had grown to $2,137.24 several months later, and then to find out again that it had increased to $2,139.83 days after that. *Miller* refers to the disclosure of the possibility of an increase as a duty: "the debt collector's duty to state the amount of the debt in cases where the amount varies from day to day."  214 F.3d at 876. Defendants violated that duty in this case, as to the Plaintiff and to the Class.

        **b.**      **The cases relied upon by Defendants are inapposite**

Despite the weight of case law against them, most of which they avoid discussing, Defendants nonetheless seek summary judgment that the Letters do not violate the FDCPA, primarily based on a single mis-cited[8] Seventh Circuit decision, *Wahl v. Midland Credit Management, Inc*., 556 F.3d 643 (7th Cir. 2009).  *Wahl* is a materially and factually different case, and has no bearing on Plaintiff's claims here. Wahl involved nondisclosure of creditor interest that the creditor had added before Midland bought the account. The instant case involves post-purchase interest added on a per diem basis by Midland after it bought accounts.

In *Wahl*, the collection letters at issue all disclosed both the "principal balance" and an "accrued interest" component, leading to an "amount due."  556 F.3d at 644.  Thus, the consumer would be advised how the debt increased with each letter.  The *Wahl* letters stand in stark contrast to the Letters sent by Defendants here, which disclose only an increased gross amount of debt claimed due with each Letter, and supply no explanation for the increase.

---

[8]      Defendants cite to a district court decision in *Wahl* as a Seventh Circuit decision, Def. Mem. at 9-10, and attach the district court opinion to their brief at Exhibit N.  From the context of Defendants' argument, Plaintiff believes that Defendants meant instead to rely on the Seventh Circuit decision that Defendants do not cite or attach, and will answer the argument accordingly.

The sole claim in *Wahl* was that the collector falsely labeled an amount as "principal" when that figure included pre-purchase interest added by the creditor before Midland bought the account. Consequently, the *Wahl* court specifically limited its section 1692e analysis to whether the letters were "false," as opposed to "deceptive" or "misleading." 556 F.3d at 645 (Wahl "says she is not arguing that the collection letters were 'misleading' or 'deceptive,' but only that they were 'false'"). The court held that the statement was not "false" because the interest charged by the original creditor "was very much part of the principal balance" in the eyes of the collector. 556 F.3d at 646.[9]

Defendants' related argument with respect to the "tear off" portion of two of the Letters (the June 24 Letter and the October 26 Letter), Def. Mem. at 14, is irrelevant. The amount of debt disclosed in the tear off portion simply parrots the amount disclosed in the upper portion of the Letters. Relying on *Barnes v. Advanced Call Center Technologies, LLC*, 493 F.3d 838, 841 (7th Cir. 2007), Defendants argue that the tear off portion clearly states the amount due, but that is not the point. The point, as Defendants undoubtedly understand but wish to avoid, is that the amount of the debt, whether in the upper portion of the Letters or the tear off portion, increases with each Letter.

Similarly, *Olson v. Risk Management Alternatives, Inc,*. 366 F.3d 509 (7th Cir. 2004), is unhelpful to Defendants. The claim in *Olson* arose from the alleged confusion generated by disclosing both a "balance" and an amount "now due." The court held that the letter simply

---

[9]     Post-*Wahl*, at least one court considering the misrepresentation of pre-purchase "interest" as "principal" concluded the practice could be found by a jury to violate section 1692e as deceptive or misleading. *Mushinsky v. Nelson, Watson & Assoc., LLC*, 2009 WL 2487048, *2-3 (E.D. Pa. Aug. 13, 2009) ("We need not decide whether to follow the Seventh Circuit's approach to *falsity* because Mushinsky claims that the notice was also deceptive and misleading, and even if the notice is not false, it could be deceptive or misleading to the least sophisticated debtor.") (emphasis in original), relying on *Dutton v. Wolpoff & Abramson*, 5 F.3d 649, 651 (3d Cir. 1993) (question whether collection letter would deceive least sophisticated consumer was for jury).

meant that the collector was willing to accept less than the total balance of the debt. *Olson* is inapposite and unpersuasive because Plaintiff does not assert that claim here. Plaintiff did not have the chance to dispute any additional charges because they remained undisclosed at the outset and throughout the course of collection. No follow-up letters were before the *Olson* court, as here and as in *Dragon*, to show that defendant was authorized to, and intended to, increase the balance from time to time without explanation or warning. Again, Defendants rely on a case that dealt with a distinctly different FDCPA claim.

### 5.      Plaintiff is Entitled to Partial Summary Judgment for Liability Under the CUTPA

Although the Court declined to certify a class for the state law CUTPA claim (Doc. 82), Plaintiff is entitled to summary judgment on his individual claim as to liability under CUTPA. This is because the violations asserted are identical under federal and state law, except that the federal FDCPA has a one year statute of limitations, 15 U.S.C. §1692k(d), and the CUTPA has a three year statute of limitations. Conn. Gen. Stat. §42-110g(f).

Defendants contend that Plaintiff's CUTPA claim fails because of the purported absence of an "ascertainable loss" under CUTPA. Def. Mem. at 15-19. Whether plaintiff suffered ascertainable loss is a question of fact for the jury. *Parker v. Shaker Real Estate,* 47 Conn. App. 489, 496, 705 A.2d 210 (Conn. App. 1998), cited in *Lentini v. Fid. Nat'l Title Ins. Co.*, 479 F. Supp. 2d 292, 302-303 (D. Conn. 2007) (AWT). Contrary to defendant's position, under CUTPA there is no need to allege or prove the amount of the ascertainable loss. *Hinchliffe v. American Motors Corp.*, 184 Conn. 607, 614, 440 A.2d 810 (1981); *Beverly Hills Concepts v. Schatz & Schatz,* 247 Conn. 48, 79, 717 A.2d 724 (Conn. 1998). The general allegation alone, as is present here, is merely a threshold pleading requirement. *Aurigemma v.   Arco Petroleum*

*Products Co.,* 734 F. Supp. 1025, 1028 (D. Conn. 1990) (court refuses to address "ascertainable loss" because CUTPA does "not require a plaintiff to prove a specific amount of actual damages to make out a prima facie case").

"'Ascertainable' means capable of being discovered, observed or established," and "'[l]oss' has been held synonymous with deprivation, detriment, and injury." *Hinchliffe*, 184 Conn. at 613.  The sole purpose of the phrase is to guard against vicarious suits by self-constituted private attorneys general when they spot a deceptive ad in the media or in a store window. Rice, "New Private Remedies for Consumers," 54 Mass. L.Q. 307, 314 (1969). In other words, a plaintiff must have some tangible personal connection with the transaction to meet the "ascertainable loss" requirement. "The private loss indeed may be so small that the common law likely would reject it as grounds for relief, yet it will support an action under the statute." *Weigel v. Ron Tonkin Chevrolet Co.*, 690 P.2d 488, 494 (Or. 1984) (citing *Hinchliffe*). Out-of-pocket expenditures for travel and long-distance telephone calls and time spent in activities related to the unfair or deceptive practice, "although not substantial in amount, was sufficient to satisfy" the Massachusetts Unfair Practices Act. *Bump v. Robbins*, 509 N.E.2d 12, 22 (Mass. App. 1987). The monetary loss, to be ascertainable, may be as little as a postage stamp, a toll call, or gas or parking to visit an attorney. *Wiginton v. Pacific Credit Corp.*, 634 P.2d 111, 119 (Hawaii 1981) (jury question); *Shubach v. Household Finance Corp.*, 376 N.E.2d 140, 141 (Mass. 1979) (toll calls and travel to meet with counsel); *St. Paul Fire & Marine Ins. Co. v. Updegrave,* 656 P.2d 1130, 1134 (Wash. Ct. App. 1983) (consumer's damages "include the consumer's inconvenience, financial considerations such as loss of time in helping prepare the case"). Plaintiff has a CUTPA claim, even if she recovers only $1.00 in nominal damages. *Larsen Chelsey Realty Co. v. Larsen*, 232 Conn. 480, 499, 656 A.2d 1009, 1020 (1995).

Listing the account on plaintiff's credit report, as here, constitutes ascertainable loss. *Andreason v. Felsted*, 137 P.2d 1, 5-6 (Utah Ct. App. 2006) (causing negative information to be included in a personal credit report itself qualifies as the type of threshold "loss"). In any event, since plaintiff brought suit as a result of the deceptive letters, he incurred the expenses entailed in consultation and the filing fees and service costs to bring suit. That is sufficient ascertainable loss to get to the jury.

While ascertainable loss is a predicate for CUTPA relief, ascertainable loss is not equivalent to actual damages. Plaintiff need only establish that he did not receive the benefit of the bargain. *Adams v. A & S Collection Associates, Inc.*, Civil No. 3:07CV 347 (JBA) (JGM) (Doc. No. 13 at 5 n.8) (D. Conn. July 23, 2007).

> It is possible to speculate that a letter of the kind sent to plaintiff could cause injury in a variety of ways. A consumer may respond to the letter by actually paying an amount far greater than what is actually owed, or may incur other expenses in challenging the debt collection effort. The debt collection practice may unfairly damage the consumer's credit rating, or may cause the consumer emotional distress. The threshold of showing a measurable loss is not great.

*Goins v. JBC & Assocs.*, 352 F. Supp. 2d at 274-75. *See also St. Denis v. New Horizon Credit, Inc.*, 2006 U.S. Dist. LEXIS 47446 *4 n.2 (D. Conn. July 12, 2006) (illegal collection efforts violate CUTPA). Here, Plaintiff has submitted his Affirmation in Support of Summary Judgment, attached to Plaintiff's Local Rule 56(a)(2) Statement, which demonstrates the ascertainable loss resulting from the Defendants' Letters. The undisputed material facts support a ruling that Defendants are liable to Plaintiff under the CUTPA.

### 6.    Plaintiff is Entitled to Partial Summary Judgment for Liability Under the CCPA

Defendants, by sending the Letters, engaged in a practice determined by the Connecticut Commissioner of Banking to be an unfair or deceptive act or practice, *i.e.*, by violating the

regulations, reported at Conn. Agencies Regs.  §36a-647-5 and -6, which preclude false or misleading representations identical in all pertinent respects to the prohibitions at issue set forth in the federal FDCPA.  While this claim was also not certified as a class claim (Doc. 82), Plaintiff is entitled to summary judgment for liability on his individual CCPA claim against the creditor, Funding.

Defendants overlooked the specific private right of action enacted by the Connecticut General Assembly in 2007 for the CCPA, Conn. Gen. Stat. § 36a-648:

> (a)     A creditor, as defined in section 36a-645, who uses any abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect a debt in violation of section 36a-646 or the regulations adopted pursuant to section 36a-647 shall be liable to a person who is harmed by such conduct in an amount equal to the sum of: (1) Any actual damages sustained by such person, (2) if such person is an individual, such additional damages as the court may award, not to exceed one thousand dollars, and (3) in the case of any successful action to enforce liability under the provisions of this subsection, the costs of the action and, in the discretion of the court, a reasonable attorney's fee.

## IV.     CONCLUSION

In opposing Defendants' Motion and in requesting summary judgment in his favor, Plaintiff has limited the relief he seeks to a ruling that Defendants are liable under the FDCPA, the CCPA and the CUTPA for failure to accurately disclose the amount of the purported debt. The material facts described herein are not in genuine dispute: the amount of the debt that Defendants sought to collect from Plaintiff increased with each Letter, and Defendants do not argue otherwise.  Nor can Defendants point to anything in their Letters that resembles the "safe harbor" language from other cases, explaining the increase, that might absolve their violations.

Based on those undisputed facts, Plaintiff is entitled to summary judgment on the liability of the Defendants. This Court can enter summary judgment for the nonmoving party. *Travelers*

*Cas. & Sur. Co. v. Gerling Global Reinsurance Corp. of Am.*, 419 F.3d 181, 190-191 (2d Cir.

2005). *See also New England Health Care Employees Union v. Mt. Sinai Hosp.*, 65 F.3d 1024,

1029 (2d Cir. 1995) (summary judgment may enter for nonmoving party); *Coach Leatherware*

*Co. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir. 1991) (same).


Date: November  , 2009                              THE PLAINTIFF

                                      BY:    */s/ Joanne S. Faulkner__*
                                             JOANNE S. FAULKNER ct04137
                                              123 Avon Street
                                              New Haven, CT  06511-2422
                                              (203) 772-0395

                                             DAVID A. SEARLES
                                             DONOVAN SEARLES, LLC
                                             1845 Walnut St., Suite 1100
                                             Philadelphia, PA 19103
                                             (215) 732-6067
                                             (215) 732-8060 (fax)
                                             dsearles@donovansearles.com

                                             JAMES A. FRANCIS
                                             FRANCIS & MAILMAN, P.C.
                                             100 South Broad Street, 19th Floor
                                             Philadelphia, PA 19110
                                             (215) 735-8600
                                             (215) 940-8000  (fax)
                                             jfrancis@consumerlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2009, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____/s/ Joanne S. Faulkner____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772 0395
j.faulkner@snet.net