UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KENNETH W. JONES, on behalf      :
of himself and all others       :
similarly situated,             :

      Plaintiff,              :

V.                               :   CASE NO. 3:08-CV-802 (RNC)

MIDLAND FUNDING, LLC, ET AL.,    :

      Defendants.             :

<u>RULING AND ORDER</u>

Plaintiff Kenneth Jones brings this action against defendants Midland Funding, LLC ("Midland") and Midland Credit Management, Inc. ("MCM") claiming that a debt collection letter he received from MCM violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and two state statutes, the Creditors' Collection Practices Act, Conn. Gen. Stat. §§ 36a-645, *et seq.* ("CCPA") and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a, *et seq.*  The defendants have moved for summary judgment on all three claims and the plaintiff has moved for partial summary judgment on all three claims as to liability only.  The plaintiff's motion is granted with regard to his claim under the FDCPA.  Plaintiff prevails on the FDCPA claim because the collection letter at issue on the motion for summary judgment failed to clearly and accurately state the amount of the debt as required by the statute.  The defendants' motion is granted as to the other claims.  The CUTPA claim fails as a matter of law because the

plaintiff has not shown that he sustained an ascertainable loss as a result of the defendants' conduct.  Summary judgment is proper on the CCPA claim because a consumer has a private right of action under this statute only if his claim accrued on or after July 1, 2007, and it is undisputed that the plaintiff's claim accrued before then.

I.  Background

The cross-motions for summary judgment concern a collection letter sent by MCM to the plaintiff on June 24, 2007, pursuant to the validation of debts section of the FDCPA.  15 U.S.C. § 1692g. Under this section, a debt collector has an affirmative obligation to disclose certain information to a consumer in writing no later than five days after the debt collector's first communication with the consumer regarding collection of the debt. The written notice must state the name of the original creditor and the amount of the debt and inform the consumer of his right to dispute the debt within thirty days of receipt of the notice. See 15 U.S.C. 1692g(a)(1).[1]

MCM's letter to the plaintiff of June 24, 2007, stated that Midland Funding had purchased a debt owed by the plaintiff to

---

[1] Defendants have moved to strike portions of plaintiff's Local Rule 56(a)(2) statement for failing to comply with the requirements of the rule.  The motion (doc. 100) is hereby denied.  To the extent defendants' assertions of fact have not been controverted by the plaintiff in the manner required by the rule, such assertions are deemed admitted.  See Local Civil Rule 56(a)(1).

First Consumer National Bank and that MCM was a debt collection company seeking to collect the debt. The "Current Balance" stated in the letter was $2,096.06. No itemization was provided and there was no mention of interest or other charges. The letter informed the plaintiff of his right to dispute the validity of the debt within 30 days. The letter also offered to settle the debt at a 10% discount if payment was made by August 8, 2007. The letter stated that, with the 10% discount, the "Amount Due" was $1,885.55. A tearoff portion of the letter repeated both the current balance and amount due. The letter informed the plaintiff that he could accept the settlement offer by mailing a check for the amount due by August 8. A phone number for an account manager also was provided.

Plaintiff subsequently received two more letters from MCM. A letter dated October 19, 2007, stated that the balance had grown to $2,137.24, reflecting an increase of about $40 over the balance stated in the June 24 letter. In addition, it listed daily and annual interest rates, which had not been disclosed previously. A third letter dated October 26, 2007, showed a balance due of $2,139.83. Only the June 24 letter remains at issue.[2]

II. Discussion

---

[2] The complaint alleges that all three letters violated the FDCPA, but plaintiff has abandoned any claim based on the second and third letters.

3

A. FDCPA

Plaintiff claims that the June 24 letter violated §
1692g(a)(1) by failing to correctly state the amount of the debt.
The letter was deficient, he contends, because it omitted to
disclose that the amount of the debt would increase due to
interest.[3]  Defendants respond that the letter complied with the
statute because it accurately listed the "Current Balance" of
$2096.06, which was the total amount of the debt as of the date
of the letter.  Whether the letter complied with the requirement
that the amount of the debt be correctly stated is a question of
law properly determined on a motion for summary judgment.  See
Dragon v. I.C. System, Inc., 483 F. Supp. 2d 198, 203 (D. Conn.
2007).[4]

When determining whether § 1692g has been violated, courts
use "an objective standard, measured by how the 'least
sophisticated consumer' would interpret the notice received from
the debt collector."  Savino v. Computer Credit, Inc., 164 F.3d
81, 85 (2d Cir. 1998) (quoting Russell, 74 F.3d at 34).  "The
critical question is . . . whether the notice fails to convey the

---

[3] According to the account statement attached to the second
letter, interest was accruing on the balance at a rate of about
.03% per day, or about 13.5% per year.

[4] The complaint alleges that the Jun 24 letter also violated
sections 1692e, 1692e(2)(A) and 1692e(10), but plaintiff seeks
summary judgment based on § 1692g(a)(1).  In any event, the
analysis under the other provisions is essentially the same.  See
Russell v. Equifax A.R.S., 74 F.3d 30, 36 (2d Cir. 1996); Dragon,
483 F. Supp. 2d at 201-03.

required information 'clearly and effectively and thereby makes the lest sophisticated consumer uncertain' as to the meaning of the message." <u>DeSantis v. Computer Credit, Inc.</u>, 269 F.3d 159, 161 (2d Cir. 2001) (quoting <u>Savino</u>, 164 F.3d at 85).[5]

The requirement that a validation notice correctly state the amount of the debt has produced conflicting judicial opinions. Some courts have held that a validation notice fails to satisfy the statute unless it states the total amount due as of the date the letter is sent and also discloses whether the amount of the debt will increase due to interest. See <u>Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.</u>, 214 F.3d 872 (7th Cir. 2000); <u>Dragon</u> 483 F. Supp. 2d at 201-03; <u>Smith v. Lyons, Doughty & Veldhuius, P.C.</u>, No. 07-5139, 2008 WL 2885887, at *6 (D.N.J. July 23, 2008); <u>Jackson v. Aman Collection Serv.</u>, No. IP 01-0100-C-T/K, 2001 WL 1708829, at *3 (S.D. Ind. Dec. 14, 2001).[6]  More recently, other courts have held that a validation

---

[5] The least-sophisticated consumer standard is traceable to section 5 of the Federal Trade Commission Act. <u>See</u> <u>Clomon v. Jackson</u>, 988 F.2d 1314, 1318-19 (2d Cir. 1993).  Under this standard, the least-sophisticated consumer is assumed to be naive and credulous but reasonable.

[6] In <u>Miller</u>, the Court suggested that a debt collector could avoid liability under the FDCPA by using the following safe harbor language: "As of the date of this letter, you owe $___ [the exact amount due].  Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.  For further information, write the undersigned or call 1-800- [phone number]." <u>Miller</u>, 214 F.3d at

notice satisfies the statute if it states the total amount of the debt (including interest and any other charges) as of the date the letter is sent.   See Adlam v. FMS, No. 09 Civ. 9129 (SAS), 2010 WL 1328958, at *3 (S.D.N.Y. April 5, 2010); Pifkov v. CCB Credit Servs., No. 09-CV-3057 (JS)(WDW), 2010 WL 2771832, at *3-4 (E.D.N.Y. July 7, 2010); Weiss v. Zwicker & Assocs., 664 F. Supp. 2d 214, 217 (E.D.N.Y. 2009).

I agree with the Miller line of cases that when a debt is accruing interest, a validation notice fails to correctly state the amount of the debt as required by § 1692g unless it discloses the fact that interest is accruing and informs the consumer of the applicable interest rate.[7]  If a validation notice lacks this information, the least sophisticated consumer, although aware that debt typically accrues interest, may be left uncertain as to the amount of the debt.  Even if such disclosure ordinarily is not required in a validation notice as defendants contend, I think it was required in this case due to MCM's inclusion of the added wrinkle of the discount offer.  The letter made it clear that MCM was offering to settle the "current balance" of $2096.06 if the "amount due" of $1,885.55 was paid by August 8, 2007.  But

_____

876.

[7] It seems clear that a validation notice would satisfy § 1692g if it used the following language: "As of today, [date], you owe $___.  This amount consists of a principal of $___, accrued interest of $___, and fees of $___.  This balance will continue to accrue interest after [date] at a rate of $___ per [day/week/month/year]."

it did not state whether the "current balance" of $2096.06 would accrue interest in the interim if no payment were made.  In the absence of such disclosure, even a sophisticated consumer would not know what the amount of the debt would be if the discounted amount was not paid by August 8.  The plaintiff's motion for summary judgment is therefore granted as to liability on his claim under the FDCPA, and the defendants' motion is denied.[8]

B. CUTPA

    To prevail on a claim under CUTPA, the plaintiff must establish that he sustained ascertainable loss as a result of the defendant's unlawful conduct.  Conn. Gen. Stat. § 42-110g(a); Artie's Auto Body v. Hartford Fire Ins., 287 Conn. 208, 218-19 (Conn. 2008); A. Secondino and Son, Inc. V. LoRicco, 215 Conn. 336, 344 (1990).  In this case, the plaintiff alleges two types of loss.  He states that he has incurred expenses in responding to MCM's letters, consulting with an attorney and bringing this suit.  He also states that the Midland account appears as a

_____

    [8] When a collection letter is open to more than one interpretation, it may be found to violate §§ 1692e and 1692f, which prohibit false, deceptive, or unfair means of collecting a debt.  Whether the letter at issue here violated these sections need not be decided because, as noted earlier, plaintiff has not relied on either section in seeking summary judgment.  It bears noting, however, that the letter could be reasonably interpreted to mean that interest would not accrue during the period of the discount offer.  A reasonable consumer could infer this from the fact that the discount price (the "amount due") would not change before the due date of August 8.  Since the discounted amount was calculated by reference to the total balance, it would be reasonable to infer that the total balance also would remain static.

negative entry on his credit report.

Expenses incurred by the plaintiff in consulting an attorney and bringing this suit do not constitute ascertainable loss under CUTPA. See Donovan v. Mario D'Addario Buick, Inc., Nos. CV065002938S, CV075005909S, 2009 WL 765702, at *6 (Conn. Super. Ct. Mar. 4, 2009) (citing Rizzo Pool Co. v. Del Grosso, 232 Conn. 666, 685 (Conn. 1995)); see also Goins v. JBC & Assocs., P.C., No. 3:02-CV-1069 (MRK), 2004 WL 2713235, at *3 (D. Conn. Nov. 24, 2004). As pointed out in Donovan, CUTPA's attorney's fees provisions give courts discretion to compensate plaintiffs for litigation expenses. If attorney's fees constituted a compensable ascertainable loss under the statute, these provisions would be superfluous. See 2009 WL 765702, at *6.

Crediting plaintiff's assertions that he incurred expenses responding to MCM's letters and his credit rating has been harmed, he has failed to show a causal link between these alleged injuries and MCM's conduct. The evidence does not support a reasonable finding that the plaintiff decided to respond to MCM's letters because the letter of June 24 omitted to disclose that the debt was accruing interest.[9] If anything, the record indicates that he responded in order to dispute the legitimacy of

_____

[9] As mentioned above, plaintiff has limited his claim to the June 24 letter. Even if the other two letters remained at issue, his CUTPA claim would still fail for lack of evidence that an unfair practice caused him ascertainable loss. It is undisputed that the second letter accurately disclosed the applicable rate of interest.

8

the debt as a whole.  See Defs.' Mot. Summ. J. Ex. H (doc. 86-3) (letter from Kenneth Jones to Midland Funding describing debt dispute).  The evidence similarly fails to support a reasonable finding that the plaintiff's credit rating has been harmed by MCM's failure to include information about interest in its letter of June 24.

C. CCPA

Effective July 1, 2007, the CCPA was amended to create a private right of action for consumers.  See An Act Concerning the Prevention of Abusive and Deceptive Debt Collection Practices, § 1, 2007 Conn. Acts 176 (Reg. Sess.) (codified at Conn. Gen. Stat. § 36a-648).  But no private right of action exists for claims accruing before then.  In this case, the plaintiff has limited his claim to the letter sent on June 24.  Because this claim accrued before the effective date of the amendment of the CCPA, it is not actionable.

III. Conclusion

For the foregoing reasons, plaintiff's motion for partial summary judgment (doc. 92) is hereby granted on his claim under the FDCPA as to liability only, and defendants' motion for summary judgment (doc. 88) is granted as to the state law claims.

So ordered this 16th day of December 2010.

_____
/s/
Robert N. Chatigny
United States District Judge
