UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------X
KENNETH W. JONES, on behalf of himself and all
others similarly situated : Civil No.: 3:08-cv-802
(RNC)

Plaintiffs,

v.

MIDLAND FUNDING, LLC, ET AL
Defendants.

------------------------------------------------------------------X   JANUARY 13, 2011

## MOTION FOR RECONSIDERATION

Midland Funding, LLC ("Funding") and Midland Credit Management, Inc. "MCM") request reconsideration of Judge Chatigny's order granting in part and denying in part the plaintiff's motion for summary judgment (#92) and granting in part and denying in part defendants' motion for summary judgment (#88) filed on December 16, 2010 (#110).[1] Specifically, Funding and MCM seek reconsideration of the Judge Chatigny's decision that Funding and MCM violated the Fair Debt Collection Practices Act ("FDCPA") § 1692g.

Judge Chatigny's decision of December 16, 2010 held "Plaintiff prevails on the FDCPA claim because the collection letter at issue on the motion for summary judgment failed to clearly and accurately state the amount of the debt as required by the statute." This holding, however, is exactly opposite to the Court's specific findings. The Court's

---
[1] Funding and MCM incorporate by reference their initial motion for summary judgment (#88/#89) and their supplemental motion in support of summary judgment (#103).

1

4278743.1

opinion contains the following facts relative to the June 24, 2007 letter: The "Current Balance" . . . was $2,096.06. . . . The letter informed the plaintiff of his right to dispute the validity of the debt within 30 days. The letter also offered to settle the debt at a 10% discount if payment was made by August 8, 2007. The letter stated that, with the 10% discount, the "Amount Due" was $1,885.55. A tearoff portion of the letter repeated both the current balance and the amount due." *See* Opinion at Pg. 2-3. It is the defendants' position that this Court's holding and its recitation of the relevant facts, in particular the facts relevant to the June 24, 2007 letter, are in direct contradiction and this Court should have found in defendants' favor on their motion for summary judgment.

Funding and MCM respectfully submit that this Court overlooked the strong foundation and thrust of the arguments made in defendants' briefs in support of their motion for summary judgment, including failing to make any reference to *Wahl v. Midland Credit Management, Inc.*, 556 F.3d 643(7th Cir. 2009), which was the cornerstone of the defendants' motion. In addition, Funding and MCM respectfully submit that this Court failed to recognize the significance of the precedent in the Second Circuit interpreting 15 U.S.C. § 1692g and the *Miller v. McCalla, Raymer, Patrick, Cobb, Nichols & Clark, LLC*, 214 F.3d 872 (7th Cir. 2000) decision, which was heavily relied on by the plaintiff. Upon review of all of the case law cited by this Court, the arguments made by the defendants' and the plaintiff's counsel as well as a review of the briefs submitted by both sides, it is the defendants' position that this Court should have come to the contrary conclusion and found in the defendants' favor.

As the defendants argue herein, this Court failed to appreciate that: (1) all of the requirements of 15 U.S.C. § 1692g were met in the letter of June 24, 2007, which was

recognized not only by this Court during oral argument, but by the plaintiff's counsel as well[2]; (2) the plaintiff's counsel failed to present any extrinsic evidence, despite the fact that there was no "clear" violation on the face of the June 24, 2007 letter; and (3) there is no federal or state authority for the proposition that a debt collector must explain why a consumer's debt has increased. In fact, the defendants have provided this Court with clear precedent that allows the defendants to add interest to the plaintiff's defaulted credit card debt over a series of payments so long as the letters clearly indicate the amount owed. Therefore, the defendants respectfully request that this Court reconsider the denial of the defendants' motion for summary judgment.

### A. THE DEFENDANTS JUNE 24, 2007 LETTER SATISFIED THE REQUIREMENTS OF 15 U.S.C. § 1692G

15 U.S.C. § 1692g requires a debt collection letter to include: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement indicating that, unless the debtor disputes the validity of the debt within thirty days of receiving the debt collection letter, the debt will be presumed valid; (4) a statement indicating that, if the debtor notifies the debt collector in writing within thirty days of receiving the debt

---

[2] THE COURT: Well, if we go back and look at the arguments that you've made in connection with the pending motion, the defendant argues that the letters clearly informed the consumer of the amount of the debt owed as of the date of the letter and the date through which payment of that amount would be accepted to satisfy the entire debt. According to the defendant, this is all the law requires. You need to inform the consumer of the total amount due on a date certain in the future at which time payment of that amount would be accepted in full satisfaction of the entire debt.
   The defendant claims that this is our case with these three letters; it that right, Mr. Leghorn?
MR. LEGHORN: Yes, Your Honor.
THE COURT: So specifically it's your position that letter one, unambiguously informed the consumer that he could settle the matter by paying $1,885.55 on or before August 8, 2007, correct?
MR. LEGHORN: Correct, Your Honor.
THE COURT: Does the plaintiff disagree with that? In other words, does the plaintiff deny that a payment of that amount by that date would satisfy the entire debt?
MS. FAULKNER: No, I guess not. . . .
*See* Oct. 7, 2010 Trans. Pgs. 22-23 attached hereto as **Exhibit A** (page numbers have been assigned by the defendants as there is no identifying page or line numbers in the official transcript provided by reporter Darlene A. Warner).

collection letter that the debt is disputed, the debt collector will obtain verification of the debt and mail a copy of the verification to the debtor; and (5) a statement indicating that, if requested in writing by the debtor within thirty days of receiving the debt collection letter, the debt collector will provide the debtor with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a)(1) – (5).

"[W]hen the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms." *Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078 (9th Cir. 2005). A court "can only insert language into a statute if the result of the statute's plain meaning is absurd." *Id.* at 1082. "[G]iving effect to the statute's plain meaning is also consistent with legislative intent. . . . Collection notices that include the statute's verbatim language have been held not to be confusing. Consumers can comprehend the statute's plain language." *Id.* (citations omitted).

The June 24, 2007 letter contained all of the information required by 15 U.S.C. § 1692g, which was recognized by this Court on October 7, 2010. This Court made the following remarks during the parties' oral argument:

> THE COURT:   All right, very good. Thank you.
>       With that resolved, it seems to me that [sic] motion for summary judgment is well-founded. I recognize that counsel may disagree, but if we look at the first letter, it is as Mr. Leghorn accurately summarized it.
>       Looking at the contents of the letter, it's quite clear that the consumer is being called on to resolve the matter by making a payment of $1,855.55 on or before August 8, 2007. By its terms the letter made it clear that such a payment would be accepted as payment in full. There is no uncertainty about that, and I think applying the least sophisticated consumer standard, one must conclude that there is no uncertainty in that regard.
>       It is true that the letter did not provide information concerning interest. However, I don't think that the omission of information about interest violated the statute. The debt collector has an obligation to accurately state the amount of the debt, and I believe that this requirement is satisfied.

*See* Oct. 7, 2010 Trans. Pgs. 14-15 attached hereto as **Exhibit B**.

The defendants complied with all of the requirements of 15 U.S.C. § 1692g by accurately stating the amount due in its letter of June 24, 2007. To require anything further would be in contravention of the legislative intent in creating the FDCPA. As such, the defendants' motion for summary judgment should have been granted in its entirety.

**B.   THE *WAHL* DECISION, WHICH WAS THE CORNERSTONE OF THE DEFENDANTS' ARGUMENT, WAS NOT ADDRESSED BY THIS COURT AND DECISIONS OF OTHER COURTS IN THE SECOND CIRCUIT WERE DISMISSED WITHOUT DISTINCTION**

The defendants argued in their motion for summary judgment that *Wahl v. Midland Credit Management, Inc.*, 556 F.3d 643 (7th Cir. 2009), should control the outcome of this case. In support of their position that *Wahl* should control the outcome of this case, the defendants argued: (1) that the letters in *Miller* differed significantly from the letters that were sent in this case in that the defendants herein specifically informed the plaintiff of the amount due, the date that payment would be accepted and produced evidence that a payment of that amount due would have been accepted even within a reasonable time after the date indicated in the letter; (2) that the least sophisticated consumer would be able to distinguish between "balance" and "amount due" as was found in *Olson v. Risk Management Alternatives, Inc.*, 366 F.3d 509 (7th Cir. 2004); and (3) the *Miller* court expressly stated in its opinion that it did not "hold that a debt collector *must* use" the "safe harbor" language provided for in its opinion.

These arguments were not rebutted by the plaintiff and were not addressed by this Court. In fact, there is no mention of the *Wahl* decision, the *Olson* decision or the *Barnes* decision in this Court's order of December 16, 2010. The decisions that were cited by

this Court in its decision were distinguished in their entirety in the defendants' reply to the plaintiff's opposition to the defendant's motion for summary judgment (#101). However, those distinguishing factors were not discussed by this Court, despite the fact that those distinctions are significant to a finding that there was no violation in this case.

Upon a review of *Wahl, Olson* and *Barnes*, it is respectfully submitted that this Court will find that these cases present a foundation for finding that there was no violation of the FDCPA and that the facts in these cases are far more relevant than the facts, which are significantly distinguishable, found in the *Miller, Dragon v. I.C. System, Inc.*, 483 F. supp. 2d 198 (D. Conn. 2007) (the amount due was not stated in the letter but required the debtor to call to determine the actual amount due as well as the fact that this was a debt that was arising form an obligation secures by a mortgage on real property), *Smith v. Lyons, Doughty & Veldhuius, P.C.*, No 07-5139, 2008 WL 2888588, at *6 (D.N.J. July 23, 2008) (no date was provided to the debtor in which to make a payment of the amount sought by the creditor), or *Jackson v. Aman Collection Serv.*, No. IP 01-0100-C-T/K, 2001 WL 1708829, at *3 (S.D. Ind. Dec. 14, 2001) (letter indicated a "total due" but added a line that indicated that additional monies would be owed for "accruing interest" without providing the debtor with a date certain for payment and/or providing the debtor with the amount of "additional interest" owed).

In addition, the case law in the Second Circuit, including *Adlam v. FMS, Inc.*, 2010 U.S. Dist. LEXIS 33433 (S.D.N.Y. April 2, 2010), *Pifko v. CCB Credit Services, Inc.*, 2010 U.S. Dist. LEXIS 69872 (E.D.N.Y. July 7, 2010), and *Weiss v. Zwicker & Assoc., P.C.*, 664 F. Supp. 2d 214, all of which were cited by this Court during the parties oral argument on October 7, 2010, were cited but not discussed by this Court despite the

overwhelming language contained in those cases in support of the defendants' present motion for summary judgment.

During oral argument, this Court opined that it found *Adlam* and *Weiss* "persuasive" and stated that it "think[s] that it would be clear even to the least sophisticated consumer that . . . interest had accrued" when a subsequent letter indicated an amount higher than the initial communication. *See* Oct. 7, 2010 Trans. Pg. 17, attached hereto as **Exhibit C**. The plaintiff was not only unfamiliar with these cases, but provided no basis for this Court to look at those cases as anything but persuasive.

Despite the plaintiff's complete failure to rebut even this Court's understanding of the above-cited cases, the decision filed on December 16, 2010 wholly fails to distinguish these decisions from the case at bar stating only that this Court "agree[s] with the Miller line of cases that when a debt is accruing interest, a validation notice fails to correctly state the amount of the debt as required by § 1692g unless it discloses the fact that interest is accruing and informs the consumer of the applicable interest rate." This Court then goes on to give an example of what it deems appropriate using *Miller* as a guide: "It seems clear that a validation notice would satisfy §1692g if it used the following language: 'As of today, [date], you owe $___. This amount consists of a principal of $___, accrued interest of $___, and fees of $___. This balance will continue to accrue interest after [date] at a rate of $___ per [day/week/month/year].'"

This example, if used, would subject creditors to further litigation as other courts have previously recognized. *See Hahn v. Triumph Partnerships, LLC, et al*, 557 F.3d 755 (7th Cir. 2009) ("An 'amount' that is due can include principal, interest, penalties, attorneys' fees and other components. Interest can then be added to that total. . . . And

we know from *Wahl v. Midland Credit Management, Inc.*, No. 08-1517, 556 F.3d 643, 2009 U.S. App. LEXIS 3530 (7th Cir. Feb. 23, 2009), that there would be no falsity even if the 'amount due' had been described as 'principal due' – for *Wahl* observes that when interest is compounded, today's interest becomes tomorrow's principal balance, so all past-due amounts accurately may be described as 'principal due.'" ). *Hahn*, 557 F.3d at 756-757.

In addition, in *Barnes v. Advanced Call Center Technologies, LLC*, 493 F.3d 838 (7th Cir. 2007), another case cited by the defendants in their motion for summary judgment, the court held that a debt collector need not break out principal and interest; it is enough to tell the debtor the bottom line. As was also recognized in *Barnes*, "the difference between principal and interest is no more important to the Fair Debt Collection Practices Act than the color of the paper" that a collection letter is on. *See Hahn*, 557 F.3d at 757. Any mention of interest accrued and/or interest accruing after a date certain ignores the arguments made in *Wahl* and *Barnes* and leads the defendants to believe that these decisions, while on point with the facts of the present case, were overlooked by this Court in making its decision to deny the defendants' motion for summary judgment.

**C.     THE PLAINTIFF FAILED TO PRODUCE ANY EXTRINSIC EVIDENCE TO DEFEAT THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DESPITE NO CLEAR VIOLATION OF THE FDCPA**

Notwithstanding the fact that it is respectfully submitted that the case law and uncontroverted facts firmly establish the defendants' entitlement to summary judgment as a matter of law, the plaintiff failed to offer any evidence to support a grant of summary judgment. Even if the Court was not persuaded by defendants' motion, the plaintiff failed to demonstrate entitlement to summary judgment on the FDCPA claim as well.

Here there is nothing on the face of the letter at issue which was a violation of the FDCPA.

"In some situations, when an FDCPA violation is so 'clearly' evident on the face of a collection letter, a court may award summary judgment to the FDCPA plaintiff. On the other hand, mere speculation that a collection letter confuses the unsophisticated debtor is not enough for an FDCPA plaintiff to survive an opposing debt collector's summary judgment motion. Thus, when the letter itself does not plainly reveal that it would be confusing to a significant fraction of the population, as was the situation in the present case, the plaintiff must come forward with evidence beyond the letter and beyond his own self-serving assertions that the letter is confusing in order to create a genuine issue of material fact for trial." *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414-15 (7th Cir. 2005) (citations omitted). This is even more compelling when the plaintiff is presenting a letter that has already been found to be compliant with the FDCPA by other district courts and the Seventh Circuit Court of Appeals. A greater showing than the unsubstantiated claims of a single plaintiff must be needed to rebut the finding of a Circuit Court.

Courts "have repeatedly indicated that this need for additional evidence (frequently referred to as "extrinsic evidence") might be met through the use of carefully designed and conducted consumer survey. Also, [courts] have suggested that an appropriate expert witness might suffice." *Id.*; *see also Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1067 (7th Cir. 2000) (at the summary judgment stage, the FDCPA plaintiff "must do more than merely speculate about how a naïve debtor would interpret the letter.").

During the oral argument of this case on October 7, 2010, the plaintiff presented several "theories" as to why the June 24, 2007 letter was confusing or misleading, most of which were not presented in the plaintiff's brief in opposition to defendants' motion for summary judgment.  However, there was not any expert testimony or other extrinsic evidence presented indicating that the June 24, 2007 letter was confusing or misleading, despite plaintiff's counsel's admission that all of the requirements of 15 U.S.C. § 1692g were met.  *See* **Exhibit A**.  Even this Court, in its own description of the case, agreed that the defendants' motion for summary judgment was "well-founded," and that the June 24, 2007 letter was "quite clear."  *See* **Exhibit B**.

Since all of the requirements of 15 U.S.C. § 1692g were met, which was "clear" to this Court, the plaintiff was obligated to present extrinsic evidence in order to defeat the defendants' motion for summary judgment.  *See Bode v. Encore Receivable Management, Inc.*, 2007 U.S. Dist. LEXIS 64477 (E.D. Wis. 2007) *citing Durkin*, 406 F.3d at 419.

The defendant in *Bode* argued that it met all of the requirements of the FDCPA in its letter to the plaintiff and therefore, the plaintiff was required to submit extrinsic evidence in order to defeat the defendant's motion for summary judgment.  *Bode*, 2007 U.S. Dist. LEXIS at *18.  The court agreed and granted summary judgment in favor of the defendant holding "[a]s a party opposing summary judgment, Bode was required to set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e).  Because the plaintiff offered no consumer survey or expert report to support his claim and instead, "point[ed] only to the language in the letter as the sole evidentiary

basis for his claim[,]" the court must granted the defendants' motion for summary judgment. *Bode*, 2007 U.S. Dist. LEXIS at *24.

Similarly, in this case, the plaintiff has failed to produce any extrinsic evidence to support his claim that the June 24, 2007 letter was confusing or misleading. The plaintiff's counsel offered the following "theories" during oral argument on October 7, 2010, most of which were not contained in her brief in opposition to the defendants' motion for summary judgment.

The plaintiff's counsel's first theory was that the district court decision in *Adlam* was distinguishable from this case since there was only one letter involved in that case.

> MS. FAULKNER: I'm just reading this real fast, Your Honor, and in the *Adlam* case, there was only one letter at issue and there was never, as far as . . . there was never a follow up letter to show that in fact anything increased. The *Adlam* case showed only the first letter, and we don't known whether any interest was added.

*See* Oct. 7, 2010 Trans. Pg.5 attached hereto as **Exhibit D**. In reality, the *Adlam* case is almost identical to the facts of the present litigation. In *Adlam*, the debtor received four letters, all with increasing amounts. *See Adlam v. FMS, Inc.*, 2010 U.S. Dist. LEXIS 33433 (S.D.N.Y. April 2, 2010). In that case, in direct contravention of the decision here, the court held "The FDCPA does not require that a debt collection letter warn a consumer that the debt may increase. Section 1692g(a)(1) only requires that a notice state "the amount of the debt." *Id.* at * 8-9. Therefore, this "theory" does not support the plaintiff's argument in opposition to the defendants' motion for summary judgment.

The plaintiff's counsel's next theory was that the *Miller* language should be incorporated in the June 24, 2007 letter because this debt was not a "credit card" debt but a debt that had been purchased by a debt buyer. This theory was offered without any support and, as was argued by defendants' counsel Thomas Leghorn, is a distinction

11

4278743.1

without significance. The plaintiff was provided with a copy of the "Assignment of Accounts" from First National Bank of Omaha to Midland Funding in the defendants' responses to the plaintiff's first set of discovery requests. A copy of the "Assignment of Accounts" is attached hereto for the Court's review as **Exhibit E**. In the "Assignment of Accounts" the following language can be found "Now, therefore, at the direction of Seller, Account Owner hereby assigns to Buyer, its successor and assigns, all of Account Owner's right, title, and interest in and to each and every on of the Accounts as defined in the Agreement." *See* **Exhibit E**.

The credit card agreement between the plaintiff and Eddie Bauer was provided to the plaintiff in the defendants' initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). A copy of the agreement is attached hereto for the Court's review as **Exhibit F**. The agreement between the plaintiff and Eddie Bauer contains the following language: "RESULTS OF DEFAULT . . . Finance Charges will continue to accrue on the outstanding unpaid balances of Purchases and Cash Advances at the current rate until such balances have been paid in full." The agreement further states "ASSIGNMENT . . . We may transfer and assign your Account and our rights under this Agreement to another person or company without notice to you." *See* **Exhibit F**.

Based on the above information, which was all provided to the plaintiff in the formal discovery of this action, the plaintiff's counsel's argument that his case should be treated differently because it involves a debt buyer is disingenuous at best. The plaintiff's counsel failed to produce, and the defendants' counsel has been unable to find, any case law to support her position that a debt buyer is treated differently when the underlying debt is a credit card upon which the debtor has defaulted.

The plaintiff's counsel's third theory, which was provided after an admission that the letters provided all of the information required by 15 U.S.C. § 1692g, was immediately dismissed by this Court as not having been included in the "claim" his Honor was addressing. In oral argument on October 7, 2010 this Court and the plaintiff had the following discussion:

> THE COURT: Does the plaintiff disagree with that? In other words, does the plaintiff deny that a payment of that amount by that date would satisfy the entire debt?
> MS FAULKNER: No, I guess not. But one of the problems with the offers is that they can be rescinded at any time.
> THE COURT: Well, I'm just focusing on the claim that I have in front of me, and in that regard, the claim as I understand it is that the defendants violated the statute by failing to accurately disclose the correct amount due on the alleged debt. That's the claim.

*See* Oct. 7, 2010 Trans. Pg. 22 of **Exhibit A**. The plaintiff did not include this claim in his initial opposition to the defendants' motion for summary judgment and provided no case law or other support for the claim that an offer, made in writing, with a date certain attached in a validation letter, would violate the FDCPA because the offer could be rescinded at any time. In fact, the evidence revealed through pretrial discovery was the exact opposition. The testimony was that the offer would be honored not only through the date stated within the letter, but for a reasonable time thereafter. *See* Frary Dep. Trans. 64:14-24 attached hereto as **Exhibit G**.

The plaintiff's deadline to disclose an expert witness has long since passed. The plaintiff failed to disclose an expert and has failed to produce any further evidence, other than unsupported, self-serving blanket statements relative to the June 24, 2007 letter, to defeat the defendants' motion for summary judgment where it was "clear" that the face of the letter provided no violation of the FDCPA. Therefore, the defendants' motion for summary judgment should have been granted.

## CONCLUSION

The defendants respectfully request that this Court review its decision of December 16, 2010 and take into consideration the arguments, evidence and case law presented by the defendants in their initial motion for summary judgment, their supplemental motion for summary judgment and this motion for reconsideration.

                                        THE DEFENDANTS,
                                        MIDLAND FUNDING, LLC & BANK OF
                                        AMERICA, N.A.

                                        /s/*Thomas Leghorn (ct22106)*
                                        Thomas Leghorn (ct22106)
                                        Jill E. Alward (ct27051)
                                        WILSON, ELSER, MOSKOWITZ,
                                        EDELMAN & DICKER LLP
                                        1010 Washington Blvd., 8th Floor
                                        Stamford, CT 06901-2022
                                        (203) 388-9100
                                        (203)388-9101 (fax)
                                        File No.:10907.00089

4278743.1

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2011, a copy of the foregoing Motion for Reconsideration was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    Joanne S. Faulkner
    Attorney for Plaintiff and the Class
    123 Avon Street
    New Haven, CT 06511-2422
    (203) 772-0395

    DONOVAN SEARLES, LLC
    David A. Searles, Esq.
    Attorney for Plaintiff and the Class
    1845 Walnut Street, Suite 1100
    Philadelphia, PA 19103
    (215) 732-6067

    FRANCIS & MAILMAN, P.C.
    James A. Francis, Esq.
    100 S. Broad Street, 19th Floor
    Philadelphia, PA 19110
    (215) 735-8600

                                  /s/*Thomas Leghorn (ct22106)*
                                  Thomas Leghorn (ct22106)

4278743.1