# EXHIBIT A

satisfaction of the entire debt.

The defendant claims that this is our case with regard to these three letters; is that right, Mr. Leghorn?

MR. LEGHORN: Yes, Your Honor.

THE COURT: So specifically it's your position that letter one, unambiguously informed the consumer that he could settle the matter by paying $1,885.55 on or before August 8, 2007, correct?

MR. LEGHORN: Correct, Your Honor.

THE COURT: Does the plaintiff disagree with that? In other words, does the plaintiff deny that a payment of that amount by that date would satisfy the entire debt?

MS. FAULKNER: No, I guess not. But one of the problems with the offers is that they can be rescinded at any time.

THE COURT: Well, I'm just focusing on the claim that I have in front of me, and in that regard, the claim as I understand it is that the defendants violated the statute by failing to accurately disclose the correct amount due on the alleged debt. That's the claim.

MS. FAULKNER: That's right. And that is because they did not contain the Miller v. McCalla language.

THE COURT: Right. According to the plaintiff

22

when the amount of a debt varies from day-to-day, the debt
collector must use the so-called safe harbor language
recommended by the Seventh Circuit in the Miller case.

        MS. FAULKNER:  Right.

        THE COURT:  And if that doesn't happen, then the
act is violated in the plaintiff's view, correct?

        MS. FAULKNER:  Yes.

        THE COURT:  Okay.  Thus the plaintiff says the
first letter violated the act because it didn't contain
Miller's safe harbor language.  Similarly, according to
the plaintiff, the second letter violated the act because
it omitted that language, is that right?

        MS. FAULKNER:  No, no, Your Honor.  That
language had to be only in the first letter.

        THE COURT:  Okay.  How about the third letter?

        MS. FAULKNER:  The other two letters are in the
case only because they showed that in fact interest was
being added.  The first letter is the violation.

        THE COURT:  I see.

        So I need to focus on the first letter and the
omission of the safe harbor language recommended in
Miller.

        MS. FAULKNER:  Right.  And followed in this
district by Judge Arterton in I think two cases, Dragon
and Goins.