# EXHIBIT B

So, Your Honor, that second important disclosure information sheet is not part of the third letter. And as Ms. Faulkner states, the third letter is just that October 26, 2007 letter with the reverse side being what is produced as a document called "Statement" showing a new balance of $2,139.83, which matches up with the face sheet of that letter. It's a two-page, not three-page document.

MS. FAULKNER: Front and back.

THE COURT: Thank you, that's very helpful. That explains the discrepancy.

At this point then we're in agreement that the third letter had two sides and the reverse side was entitled "Statement," correct?

MR. LEGHORN: Correct, Your Honor.

THE COURT: All right, very good. Thank you.

With that resolved, it seems to me that motion for summary judgment is well-founded. I recognize that counsel may disagree, but if we look at the first letter, it is as Mr. Leghorn accurately summarized it.

Looking at the contents of the letter, it's quite clear that the consumer was being called on to resolve the matter by making a payment of $1,885.55 on or before August 8, 2007. By its terms the letter made it clear that such a payment would be accepted as payment in full. There was no uncertainty about that, and I think

14

applying the least sophisticated consumer standard, one must conclude that there was no uncertainty in that regard.

It is true that the letter did not provide information concerning interest. However, I don't think that the omission of information about interest violated the statute. The debt collector had an obligation to accurately state the amount of the debt, and I believe that this requirement was satisfied.

The Adlam case quotes from the opinion in a case called Weiss v. Zwicker & Associates which is reported at 664 F. Supp. 2d at 214. The pinpoint cite is 217. This case was decided out of the Eastern District of New York in 2009.

In the Weiss case, a second letter showing a higher balance than a previous letter without an explanation of the reason for the increase was held not to violate the requirement that the creditor stated the amount of the debt. The Court in Weiss recognized that this is nothing confusing or misleading about the increased amount of the debt in the second letter because even the most unsophisticated consumer would understand that credit card debt accrues interest, and that was the point that Judge Scheindlin followed in Adlam.

The Adlam and Weiss cases are I think persuasive