UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNETH W. JONES, on behalf of himself and all others similarly situated, Plaintiff, <br><br> v. <br><br> MIDLAND FUNDING LLC, and MIDLAND CREDIT MANAGEMENT, INC. Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CASE NO. 3:08 CV 802 (RNC) (DFM) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MIDLAND FUNDING LLC AND MIDLAND CREDIT MANAGEMENT, INC.'S MOTION FOR RECONSIDERATION**

**I.    INTRODUCTION**

Plaintiff Kenneth W. Jones hereby opposes Defendants Midland Funding, LLC and Midland Credit Management, Inc.'s (hereafter the "Defendants") Motion for Reconsideration of this Court's December 16, 2010 Ruling and Order (the "December 16 Ruling") (Dk. 110) with respect to the parties' cross motions for summary judgment (the "Motion"). (Dk. 114).

Defendants' Motion should be denied for the simple reason that it is nothing more than a reiteration of the identical argument they briefed and argued at summary judgment. Defendants have not identified any change in law or new evidence since the Court's December 16 Ruling. Likewise, Defendants have not identified any clear error of law made by the Court in granting summary judgment in favor of the Plaintiff and the Class on their claim for Defendants' violation of section 1692g of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

Defendants' sole challenge to the Court's December 16 Ruling is directed at its application of the line of authority established by the Seventh Circuit case of *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000) and its progeny

to the assessment of whether Defendants' June 24, 2007 collection Letter violated the FDCPA. In summary judgment briefing, Defendants articulated their view as to why such precedent was inapplicable and ill-founded, and why a separate line of reasoning, set forth in such cases as *Adlam v. FMS*, No. 09-CV-9129, 2010 WL 1328958 (S.D.N.Y. April 5, 2010), should govern the analysis and compel a ruling in their favor. The fact remains, however, that the Court thoroughly considered defendants' position at oral argument and its December 16 Ruling, and disagreed with Defendants in its final analysis. The Court evaluated both lines of cases, and found that the *Miller* "line of cases" sets forth the proper reasoning by which to adjudicate Plaintiff's FDPCA claim. *See Jones v. Midland Funding, LLC*, __F.Supp. 2d __, 2010 WL 5139358,*3 (D. Conn. 2010) ("I agree with the *Miller* line of cases…"). The fact that Defendants still disagree with the application of *Miller* does not provide a basis for reconsideration.[1]

## II.   ARGUMENT

### A.   Legal Standard

The Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, FEDERAL PRACTICE & PROCEDURE § 4478 (2d ed. 2007)). This standard is "strict," however, and reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d

---

[1] The December 16 Ruling also dismissed Plaintiff's claims under the Connecticut Unfair Trade Practices Act and the Creditors' Collection Practices Act. While Plaintiff respectfully disagrees with the dismissal of the claims, Plaintiff is not moving for reconsideration of that ruling.

Cir. 1995). If "the moving party [is] seek[ing] solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision. *Id.*

      **B.**      **The Court's December 16 Ruling That Defendants' June 24th Letter Violated Section 1692g Of The FDCPA Is Neither Contradictory Nor <u>Contrary To Its Findings</u>**

Defendants mistakenly argue that the Court's holding that Defendants' June 24th Letter failed to clearly and accurately state the amount of the debt, as required by section 1692g, contradicts the specific findings that it made. Def. Mem. at p.1. A simple review of the Court's December 16 Ruling shows that this argument is without merit; the Court's holding and its findings are entirely consistent.

In applying the analysis whether a collection letter's validation notice correctly states the amount of the debt articulated by the 7th Circuit in *Miller* and this Court in *Dragon v. IC System, Inc.*, 483 F.Supp.2d 198 (D. Conn.2007), the Court correctly noted that under the FDCPA, a "validation notice fails to correctly state the amount of the debt as required by section 1692g unless it discloses the fact that interest is accruing and informs the consumer of the applicable interest rate." *Jones*, 2010 WL 5139358, *3. The Court then looked at the June 24th Letter and found that while it stated a "current balance of $2096.06," and conveyed an offer by Defendants to settle the current balance of $2096.06 if the amount of $1,885.55 was paid by August 8, 2007, "it did not state whether the 'current balance' of $2096.06 would accrue interest in the interim in no payment were made." *Id*. Based upon that, the Court found that "even a sophisticated consumer would not know what the amount of the debt would be if the discounted amount was not paid by August 8." *Id*. Given that a consumer would not know how much was actually owed, the Court held that the June 24th Letter failed to comply with section 1692g.

Nothing is inconsistent or contradictory about the Court's holding and its findings regarding the June 24th Letter. Because the debt was accruing interest, and the Letter stated only the "current balance" without disclosing that interest was accruing and what the applicable interest rate was, it violated section 1692g of the FDCPA. The reality is that it is the Court's interpretation of what section 1692g requires that the Defendants disagree with, an issue thoroughly briefed by both parties, not the Court's application of the law to the facts of this case.

Through piecemeal selections of the oral argument transcript (Defendants do not attach the full transcript), Defendants try to garner support for their argument that the Court somehow contradicted itself in its ultimate ruling. But a closer and fuller reading of the transcript reveals that the Court, as is often the case, used the argument to test both parties' contentions and positions and the framework of the law. Through the oral argument, the Court seemed to gain a clearer view of the Plaintiff's legal position, and was exploring the analysis which it ultimately employed in finding for the Plaintiff:

> THE COURT: Okay. You -- so you would have me
> focus on the fact that this case involves a debt buyer and
> the least sophisticated consumer would not know whether
> once in the hands of a debt buyer the debt would continue
> to accrue interest?
> MS. FAULKNER: Right.
> THE COURT: And this would be important because
> the consumer would want to know whether interest would
> accrue in order to decide whether to pay or wait?
> MS. FAULKNER: Right.
> THE COURT: Okay. Mr. Leghorn, what do you say
> to that?

_____

> THE COURT: All right. Then being guided by
> your comments today, I will go back and review the law,
> paying particular attention to the first letter and
> recognizing that the other letters are before me only for

> evidentiary value not because they themselves are alleged
> to have violated the statute.
> Thank you very much for your time this morning.
> We'll have a decision for you soon.

*See* Oct. 7, 2010 Trans. at pp. 19 and 29, attached hereto as Exhibit A (page numbers supplied). Thus, through the questioning employed throughout the oral argument, the Court recognized that Plaintiff's argument was ultimately consistent with *Miller*, *Dragon* and the other cases relied upon by Plaintiff.

### C. Defendants Simply Reargue Their Mistaken View Of What Section 1692g Of The FDCPA Requires

At pages 3-5 of their Memorandum, Defendants simply recite in conclusory form what they believe section 1692g requires. Def. Mem. at pgs. 3-5. In their summary judgment briefing, both parties fully outlined their respective arguments regarding what section 1692g requires and the caselaw which supported those arguments. *See* Dk. Nos. 84, 88, 92, 101 and 103. Such rehashing of legal arguments already presented to and addressed by the Court is not appropriate for a motion for reconsideration. *Shrader v. CSX Transp., Inc.*, 70 F.3d at 257.

As demonstrated by the summary judgment briefing, the Court's December 16 Ruling and Order and the Defendants' Motion, it is clear that Defendants simply disagree with this Court's and the Plaintiff's view of what section 1692g of the FDCPA requires. According to Defendants, a debt collector complies with the law as long as its initial collection letter states the amount that is due at the time its letter is sent. Def. Mem. at 5. Nothing more is ever required. *Id.* In his summary judgment briefing and at oral argument, Plaintiff set forth the abundant authority that contradicts Defendants' contention, and the Court agreed with the majority line of

reasoning as articulated by *Miller* and *Dragon*.[2]  Nothing has changed by way of law or evidence since this Court's December 16 Ruling, and as such, Defendants' repetitive and regurgitated argument should be disregarded.

---

2   In his summary judgment opposition brief, Plaintiff outlined the many cases which follow the *Miller/Dragon* line of reasoning:

- *Collins v. Feiwell & Hannoy, P.C.*, 2008 WL 4810550 (S.D. Ind. Oct 30, 2008) (allegation that dunning letter failed to state correct amount of debt and did not provide information how to calculate correct amount stated claim under FDCPA)
- *Smith v. Lyons, Doughty & Veldhuius, P.C.*, 2008 WL 2885887, *9 (D.N.J. July 23, 2008) (letter violated FDCPA by failing to indicate date as of which balance was calculated and failed to disclose that interest would continue to accrue on unpaid principal).
- *Russell v. Hartwig*, 2008 WL 2157122 (W.D.N.Y. May 20, 2008) (letter did not clearly convey amount of debt).
- *Goins v. JBC & Assocs.*, 352 F. Supp. 2d 262, 269 (D. Conn. 2005) (collector violated FDCPA by misrepresenting amount of debt).
- *Pickard v. Lerch*, 2005 WL 1259629, *4-5 (S.D. Ind. May 26, 2005) (letter contained false statement of amount due; collector's belief that amount was correct was irrelevant).
- *Kolganov v. Phillips & Cohen Associates, Ltd.*, 2004 WL 958028, *3 (E.D. N.Y. April 8, 2004) (FDCPA objective is to require collectors to clearly specify amount of debt owed).
- *McDowall v. Leschak & Grodensky, P.C.*, 279 F.Supp. 197, 200 (S.D.N.Y. 2003) ("By leaving an indeterminate amount of interest in the balance due, a collection letter leaves the least sophisticated consumer unsure of the magnitude of the debt").
- *Ingram v. Corporate Receivables, Inc.*, 2003 WL 21018650 (N.D. Ill. May 5, 2003) (initial demand letter that disclosed an exact amount allegedly owing did not comply with section 1692g(a)(1) where the amount included interest that changed periodically and the letter did not expressly state as of what date that amount was due or what impact payment the stated amount would have on the consumer's obligation to pay later-accruing interest).
- *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F.Supp.2d 336, 341 (E.D.N.Y. 2002) (letter demanding certain amount plus an undetermined additional amount presented the least sophisticated consumer "with, at best, an unclear and, at worst, contradictory message regarding the amount she owes").
- *Person v. Stupar, Schuster & Cooper, S.C.*, 136 F.Supp.2d 957, 962 (E.D. Wisc. 2001 (failure to inform debtor of precise amount owed or that amount was subject to change violated Act).
- *Jackson v. Aman Collection Service, Inc.*, 2001 WL 1708829, *4 (S.D. Ind. Dec. 14, 2001) (same).
- *Bawa v. Bowman, Heintz, Boscia & Vacian*, 2001 WL 618966 (S.D. Ind. May 30, 2001) (same).

6

### C.  The Fact That The Court Makes No Mention of *Wahl, Olson and Barnes* <u>Is Of No Moment</u>

In an effort to support an otherwise unsustainable motion for reconsideration, Defendants attempt to manufacture a clear error of law by focusing on the fact that the Court did not discuss the non-binding cases of *Wahl v. Midland Credit Management, Inc.*, 556 F. 3d 643 (7th Cir. 2009) (regarding interest imposed *before* Midland bought the account and which did not involve FDCPA section 1692g), which they now consider the "cornerstone" of their argument, and the cases of *Olson v. Risk Management Alternatives, Inc*., 366 F.3d 509 (7th Cir. 2004), and *Barnes v. Advanced Call Center Technologies, LLC*, 493 F.3d 838 (7th Cir. 2007).  The Court's decision not to discuss these cases is of no consequence to the soundness of its December 16 Ruling for numerous reasons.

First, none of these cases, *Wahl, Olson* or *Barnes*, are binding on this Court.  While this Court found the reasoning in *Miller* and its progeny persuasive, it was not bound to follow any case from the Seventh Circuit.  This Court clearly reached its own conclusion as to what section 1692g requires, and its ruling was not dictated by the holdings of any case from another circuit.

Second, as Plaintiff discussed thoroughly in his summary judgment opposition brief, none of these cases are relevant to the analysis as to whether Defendants' June 24 Letter violated section 1692g of the FDPCA. *See* Dk. No. 92 at pgs. 12-14.

Third, and perhaps most important, the Court's omission of these three cases from discussion is of no moment for the very simply reason that the Court ***did*** in fact discuss, and reject, the proposition for which Defendants cited these cases.  As Defendants have reiterated numerous times now, Defendants believe that *Wahl*, *Olson* and *Barnes* support their theory of section 1692g that, even where interest is accruing on a daily or monthly basis, simply stating the amount of the current balance is enough to comply with the law.  Def. Mem at pp. 5-7.  This

7

Court rejected that view of the FDCPA in its December 16 Ruling. Thus, even if those cases were not distinguishable and inapposite as Plaintiff has argued, and stood for the proposition that Defendants cite them for, it would be irrelevant because the Court has endorsed the *Miller/Dragon* line of authority and rejected the theory that Defendants embrace. Defendants cite no authority for the proposition that a motion for reconsideration may be founded solely upon a Court's failure to address every case cited by a party.

> **D. Defendant Can Provide No Controlling Law Or Facts Pertinent To Plaintiff's Alleged Requirement To Provide Extrinsic Evidence**

In a last ditch effort to persuade this Court to reverse itself, Defendants now argue that the Court erred because Plaintiff's evidence somehow failed. This argument belies Defendants' position throughout the litigation.

First, as Defendants have admitted in their briefing of record, the question whether a collection letter complies with section 1692g of the FDPCA may be, and often is, a question of law properly determined by a court at summary judgment. *Jones*, 2010 WL 5139358 at *2, citing *Dragon*, 483 F. Supp.2d at 203. Whether a letter is deceptive or misleading from the perspective of the least sophisticated consumer is ordinarily a question of law for the Court, where a defendant has not conceded liability. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 38 (2d Cir. 1998), citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996) and *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 63 (2d Cir. 1993). In fact, the cases that Defendants repeatedly cite all support such a proposition. Defendants have maintained throughout the litigation that the cases upon which they rely immunize them from liability based upon the text of the June 24 Letter. Defendants are undoubtedly aware that the legality of debt collection letters are determined according to an "objective standard", the perspective of the least sophisticated consumer. *Id*.

Second, as Plaintiff's counsel stated in at oral argument, if the evidentiary record were relevant to assessing the legality of the June 24 Letter, it would actually undermine Defendants' argument. As Plaintiff's counsel asserted during oral argument, the deposition testimony of Defendants' Rule 30(b)(6) corporate representative makes it clear that if Plaintiff had inquired as to what the amount of the debt was, *even before the expiration of the settlement deadline*, Defendants' staff would have informed him of a number different from the both the Letter's "current balance" of $2,095.06 and the settlement offer of $1,885.55:

```
 4   Q.  Okay.  Let's say it takes a couple of days, by
 5   mail, by the time it gets to Mr. Jones.
 6   A.  Yes.
 7   Q.  Correct?
 8       Would the balance due be $2,137.24?
 9   A.  What was that number again?
10   Q.  Would it be the balance amount stated in the
11   letter?
12   A.  $2,137.24?
13   Q.  Yes.
14   A.  If Mr. Jones called about this account and he
15   offered to pay that amount, they would have honored that.
16   Q.  If he had called and asked them what the balance
17   was, would it be that figure or would it be different?
18   A.  It would be a different figure.
19   Q.  Okay.  And likewise with the Exhibit 5 --
20   A.  Yes.
21   Q.  -- if he had received the letter three or four
22   days after October 26, 2007, would the balance have been
23   $2,139.83, or would it be an amount greater than that?
24   A.  So by the method of deduction that we did
 1   earlier, it appears that the interest is changing daily.
 2   So when Mr. Jones calls in about his account, his computer
 3   account information immediately pops up on the account
 4   manager screen.  And it would show the current balance
 5   owed and that would be the daily -- with the daily
 6   interest added.  So the number would be different.
```

*See* Oct. 7, 2010 Trans at p. 26; Frary Dep at pp.61-62[3]. This testimony underscores the distinction between Defendants' mistaken interpretation of FDCPA section 1692g and what it actually requires as this Court properly held. The actual amount of the debt was *never* the "current balance" or the "settlement offer amount"; it was the amount of the current balance plus daily interest accrued at the time it was received or responded to. That amount was never determinable from the face of the June 24 Letter. The fact that Defendants would or would not accept less within a certain offered time period is wholly irrelevant. The FDCPA requires that a consumer be informed of the *actual amount* of the debt; *not* the amount that Defendant might be willing to accept. Thus, if anything, the extrinsic evidentiary record would only support the Court's ruling, not be in conflict with it.

## II.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion For Reconsideration in its entirety.

Dated: February 2, 2011                                **RESPECTFULLY SUBMITTED,**

                                                       **LAW OFFICE OF JOANNE FAULKNER**

                                            BY:   */s/ Joanne S. Faulkner*
                                                  JOANNE S. FAULKNER
                                                  123 Avon Street
                                                  New Haven, CT 06511-2422
                                                  (203) 772 0395

---

[3] Brian Frary was Corporate Counsel for the Litigation Department at Defendant Midland Credit Management and was produced for deposition on February 25, 2009 as a corporate representative pursuant to Fed. R. Civ. P. 30(b)(6).

**FRANCIS & MAILMAN, P.C.**
JAMES A. FRANCIS
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA  19110
(215) 735-8600

**DONOVAN SEARLES, LLC**
David A. Searles, Esquire
1845 Walnut Street, Suite 1100
Philadelphia, PA  19103
(215) 732-6067

Attorneys for Plaintiff and the Class

**Certificate of Service**

I hereby certify that on February 2, 2011, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/*s/ Joanne S. Faulkner*
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772 0395
j.faulkner@snet.net