UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------------------X
KENNETH W. JONES, on behalf of himself and all     :
others similarly situated                          : Civil No.: 3:08-cv-802
(RNC)                                              :
                                                   :
                                                   :
                                                   :
                Plaintiffs,                        :
                                                   :
                                                   :
                                                   :
v.                                                 :
                                                   :
MIDLAND FUNDING, LLC, ET AL                        :
                Defendants.                        :
                                                   :
                                                   :
------------------------------------------------------------------------X   FEBRUARY 15, 2011
```

**DEFENDANTS' REPLY TO THE PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION**

Plaintiff's opposition does nothing more than regurgitate the arguments that were made in the initial motion for summary judgment and does little, if anything, to address the issues raised by the defendants in their motion for reconsideration. The plaintiff failed to overcome two of the primary arguments in the defendants' motion; (1) that the plaintiff did not produce any extrinsic evidence in support of the claim that the June 24, 2007 letter violated the FDCPA, and (2) that there is no federal or state case or statute that requires a debt collector to inform a consumer as to why the amount of their debt has changed from statement to statement. Instead, the plaintiff ignores the case law cited by the defendants and glibly couches the arguments made as a "last ditch effort," specifically in an attempt to confuse the issues in front of this Court and account for the plaintiff's complete lack of substantiation of his claim.

1

4323163.1

Both defendants' motion for summary judgment as well as their motion for reconsideration definitively established that the requirements of 15 U.S.C. § 1692g were fulfilled in the defendants' June 24, 2007 collection letter.  It is the defendants' position that this Court made a clear error when it failed to address *any* of the defendants' arguments before agreeing with the "line of cases," presented by the plaintiff, which have been distinguished by District Courts in the Second Circuit.  It is further submitted that any finding of summary judgment against Midland Funding, LLC ("Funding") is clear error as there was *no* evidence submitted indicating that Funding took any part in the drafting or mailing of the June 24, 2007 letter.  The defendants have presented ample evidence indicating that Funding did not participate in the collection of the plaintiff's debt, including testimony and documentation establishing that Funding has no employees and did nothing more than purchase the plaintiff's original debt from First Consumer National Bank.

In an attempt to discredit the defendants' arguments that this Court wholly failed to address any of its cited cases, including *Wahl v. Midland Credit Management, Inc.*, 556 F.3d 643 (7th Cir. 2009), the plaintiff argues that the "Court clearly reached its own conclusion as to what section 1692g requires, and its ruling was not dictated by the holdings of any case from another circuit."  *See* Plaintiff's Opposition at Pg. 7.  This argument not only contradicts the argument made by the plaintiff in his own opposition, it blatantly disregards the Court's holding that the Court "agree[s] with the *Miller* line of cases."  On the first page of the plaintiff's opposition, the plaintiff argues "Defendants' sole challenge to the Court's December 16 Ruling is directed at the application of the line of authority established by the Seventh Circuit case of *Miller v. McCalla, Raymer,*

*Padrick, Cobb, Nichols & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000) and its progeny to the assessment of whether Defendants' June 24, 2007 collection Letter violated the FDCPA." *See* Plaintiff's Opposition at Pg. 1-2.   For the plaintiff to argue that the Court did not rely on the holdings of any other circuit is disingenuous and does nothing to address the fact that this Court failed to address *even one* of the defendants' cited cases in its December 16 Ruling, including a number of District Court cases from the Second Circuit.

In a separate argument, the plaintiff alleges that evidence supporting his claim that the June 24, 2007 letter violated the FDCPA is not required because violations of the FDCPA are questions of law and are determined according to an "objective standard, the perspective of the least sophisticated consumer." *See* Plaintiff's Opposition at Pg. 8.  In making this argument, the plaintiff has failed to provide any argument or distinguish any of the cases cited by the defendants, which require some evidence, aside from the self serving statements of the plaintiff's counsel, to support a violation of the FDCPA when no such violation is clear on the face of the June 24, 2007 letter.  It is the text of the June 24, 2007 letter itself which *requires* the plaintiff to submit extrinsic evidence because there is no clear violation evident on its face, regardless of the "objective," "least sophisticated consumer" standard cited by the plaintiff.

Plaintiff further argues that the "[d]efendants simply disagree with this Court's and the Plaintiff's view of what section 1692g of the FDCPA requires." *See* Plaintiff's Opposition at Pg. 5.  This is a completely inaccurate statement of the defendants' position as outlined within the defendants' motion for reconsideration.  Respectfully, this Court failed to address any of the arguments put forward by the defendants in their motion for

3

summary judgment, reply to the plaintiff's opposition to the defendants' motion for summary judgment and/or the defendants' supplemental motion in support of summary judgment to which the plaintiff never even submitted a response.

The fatal flaw in the plaintiff's reasoning was addressed at length in the defendants' memorandum in support of their motion for summary judgment: section 1692g requires nothing more than stating the amount of the debt *at the time the letter is sent to the consumer*.  That is the law and that is what the June 24, 2007 letter conveyed.  Arguing that *Miller* and its progeny did anything to change this requirement is in contradiction with numerous cases from the courts within the Second Circuit as well as several other Circuit Courts throughout the United States.  No reasonable argument can be made by the plaintiff that this Court distinguished or addressed any of these decisions in its December 16 ruling.  This shortcoming was a clear error.

The plaintiff's opposition to the defendants' motion for reconsideration is nothing more than plaintiff's original opposition to the defendants' motion for summary judgment.  The plaintiff wholly fails to address numerous arguments made by the defendants and fails to provide any basis on which this Court could refuse to reconsider its December 16 Ruling.  As such, the defendants respectfully request that this Court overrule the plaintiff's opposition and grant the defendants' motion for reconsideration.

THE DEFENDANTS,
MIDLAND FUNDING, LLC and
MIDLAND CREDIT MANAGEMENT,
INC.


<u>/s/*Thomas Leghorn (ct22106)*</u>
Thomas Leghorn (ct22106)
Jill E. Alward (ct27051)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
150 East 42nd Street,
New York, NY 10017-5639
(212) 490-3000
(212) 490-3038 (fax)
File No.:10907.00089

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2011, a copy of the foregoing Reply to Plaintiff's Opposition to Defendants' Motion for Reconsideration was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    Joanne S. Faulkner
    Attorney for Plaintiff and the Class
    123 Avon Street
    New Haven, CT 06511-2422
    (203) 772-0395

    DONOVAN SEARLES, LLC
    David A. Searles, Esq.
    Attorney for Plaintiff and the Class
    1845 Walnut Street, Suite 1100
    Philadelphia, PA 19103
    (215) 732-6067

    FRANCIS & MAILMAN, P.C.
    James A. Francis, Esq.
    100 S. Broad Street, 19th Floor
    Philadelphia, PA 19110
    (215) 735-8600

                                              /s/*Thomas Leghorn (ct22106)*
                                              Thomas Leghorn (ct22106)

4323163.1