UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KENNETH W. JONES, on behalf        :
of himself and all others         :
similarly situated,               :
                                  :
        Plaintiff,                :
                                  :
V.                                : CASE NO. 3:08-CV-802 (RNC)
                                  :
MIDLAND FUNDING, LLC; MIDLAND     :
CREDIT MANAGEMENT, INC.,          :
                                  :
        Defendants.               :

RULING AND ORDER

This case presents a recurring issue under the Fair Debt
Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*,
one on which courts are divided: whether a debt collector's
"validation notice" to a consumer fails to correctly state "the
amount of the debt" as required by the Act unless it discloses
that the debt is accruing interest.  In a previous ruling I
granted plaintiff Kenneth Jones's motion for partial summary
judgment on his FDCPA claim because the notice at issue failed to
disclose that interest was accruing, although the notice did set
forth the amount of the debt as of the day the notice was sent.
Defendants Midland Funding, LLC ("Midland") and Midland Credit
Management, Inc. ("MCM") moved for reconsideration of that ruling
arguing that, inasmuch as the notice correctly stated the amount
of debt on the day it was sent, there was no violation of the
statute as a matter of law.  The motion for reconsideration was
granted and oral argument has been held.  For reasons that

follow, I adhere to my ruling but certify this order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

I.   Background

Plaintiff brought this action after receiving three debt collection letters from MCM.  The first letter, dated June 24, 2007 - the "validation notice" required by the Act - stated that Midland Funding had purchased a debt owed by plaintiff to First Consumer National Bank, and that MCM, a debt collection company, was seeking to collect the debt.  The letter listed a "Current Balance" of $2,096.06 and informed plaintiff of his right to dispute the validity of the debt within 30 days.  MCM's letter offered to settle the debt at a 10% discount if plaintiff paid by August 8, 2007.  With that discount, the letter stated, the "Amount Due" was $1,885.55.  The letter also provided a phone number for an account manager.

Plaintiff subsequently received a second letter dated October 19, 2007, informing him that the balance had grown to $2,137.24, reflecting an increase of approximately 2% over the "Current Balance" in the earlier letter.  This second letter listed daily and annual interest rates, which had not been provided in the June letter.  Plaintiff then received a third letter, dated October 26, 2007, listing a balance of $2,139.83.

Plaintiff claims that the first letter – the only letter at issue here – violated 15 U.S.C. 1692g(a).  This provision of the

FDCPA requires a debt collector to send a consumer a written notice no later than five days after its first communication with the consumer regarding collection of the debt.  This "validation notice" must state "the amount of the debt."  15 U.S.C. 1692g(a)(1).  Plaintiff argues that because the June 24 letter did not disclose that daily interest was accruing on the balance from the date the letter was sent, it failed to state "the amount of the debt" in accordance with the law.

In my previous ruling I agreed with the plaintiff.  I noted that when a validation notice is alleged to violate § 1692g, the notice must be analyzed under "an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector."  Savino v. Computer Credit, Inc., 164 F.3d 81, 85 (2d Cir. 1998) (quoting Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996)).  In applying this standard, "[t]he critical question is . . . whether the notice fails to convey the required information 'clearly and effectively and thereby makes the least sophisticated consumer uncertain' as to the meaning of the message."  DeSantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2d Cir. 2001) (quoting Savino, 164 F.3d at 85).

In my previous ruling I distinguished two lines of cases. Cases in the first line hold that under § 1692g, a validation notice must disclose whether the amount of the debt on the date

the notice is sent will accrue interest.  See Miller v. McCalla,

Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872

(7th Cir. 2000); Dragon v. I.C. System, Inc., 483 F. Supp. 2d

198, 201-03 (D. Conn. 2007); Smith v. Lyons, Doughty & Veldhuius,

P.C., No. 07-5139, 2008 WL 2885887, at *6 (D.N.J. July 23, 2008);

Jackson v. Aman Collection Serv., No. IP 01-0100-C-T/K, 2001 WL

1708829, at *3 (S.D. Ind. Dec. 14, 2001).  Cases in the second

line hold that if the notice states the total amount of the debt

as of the date the notice is sent, the statutory requirement is

satisfied even though the consumer is not informed that

additional interest will accrue.  See Adlam v. FMS, No. 09 Civ.

9129 (SAS), 2010 WL 1328958, at *3 (S.D.N.Y. April 5, 2010);

Pifkov v. CCB Credit Servs., No. 09-CV-3057 (JS)(WDW), 2010 WL

2771832, at *3-4 (E.D.N.Y. July 7, 2010); Weiss v. Zwicker &

Assocs., 664 F. Supp. 2d 214, 217 (E.D.N.Y. 2009) ("even the most

unsophisticated consumer would understand that credit card debt

accrues interest").

I sided with the first line of cases because the least

sophisticated consumer, although perhaps aware that debt

typically accrues interest, might well be uncertain as to the

amount of the debt after reading MCM's letter of June 24.  I

found the notice in this case particularly problematic due to the

added feature of the settlement offer.  A consumer – even a

sophisticated one – would not know what the amount of the debt

would be if he did not pay the "amount due" of $1,885.55 by August 8.   See Chuway v. Nat'l Action Fin. Servs., Inc., 362 F.3d 944, 949 (7th Cir. 2004) ("If . . . the debt collector is trying to collect the listed balance plus the interest running on it or other charges, he should use the safe-harbor language of Miller.")   Thus, the letter failed to clearly and effectively state the amount of the debt as required by the statute.

II.   Discussion

A.   New District Court Opinions

Since the date of my ruling, several district courts have issued rulings on whether a validation notice must disclose interest.   These new rulings do not change my opinion on which line of cases better interprets the law.   Three opinions – one from within the Second Circuit, two from without – fall into the line of cases I endorsed.   See Curto v. Palisades Collection, LLC, No. 07-CV-529(S), 2011 WL 5196708, *8 (W.D.N.Y. Oct. 31, 2011) ("Only were Defendants to now seek interest on the debt, would the letter have been misleading."); Michalek v. ARS Nat. Systems, Inc., No. 3:11-CV-1374, 2011 WL 6180498 (M.D. Pa. Dec. 13, 2011); Stonecypher v. Finkelstein Kern Steinberg & Cunningham, 2:11-cv-13, 2011 WL 3489685, *5 (E.D. Tenn. Aug. 9, 2011).   An out-of-circuit case favors defendants' position: Schaefer v. ARM Receivable Management, Inc., No. 09-11666-DJC,

2011 WL 2847768, *5-6 (D. Mass. July 19, 2011).[1]

One new case suggests that a settlement offer may protect a debt collector from liability, as it allows the consumer to settle the debt for a known sum within a reasonable period of time.  Kimmel v. Cavalry Portfolio Services, LLC, No. 10-680, 2011 WL 3204841, *7 (E.D. Pa. July 28, 2011)("If the offer of a 30% or 20% discount was accepted within thirty days, there was no risk that Plaintiff would be liable for additional accrued interest.").  I respectfully disagree.  As plaintiff's counsel pointed out at oral argument, if the consumer does not know the amount of his debt, he cannot decide whether the settlement offer is a good one.  Also, the statute requires that the notice state the "amount of the debt," not the amount necessary to settle the debt.  Therefore, I adhere to my ruling in the face of this new decision.

B.   Defendants' Arguments On Reconsideration

Defendants make several arguments in support of their position.  First, they argue that the plain language of the statute – the notice shall state "the amount of the debt" – requires a finding in their favor; second, they argue that three

---

[1] The Schaefer court distinguished Dragon on the ground that the letter in Dragon included language indicating that the "principal owed" and the "balance due" were one and the same, whereas the letter in Schaefer did not.  While these two cases might be reconcilable, as I read them, they embrace opposing interpretations of the statue.

cases from the Seventh Circuit show that the notice in this case
was satisfactory; and third, they argue that the plaintiff is not
entitled to judgment because he has failed to present extrinsic
evidence that the letter would confuse the least sophisticated
consumer.

i.   Plain Language

Defendants contend that a finding in plaintiff's favor is
contrary to the plain language of the statute, which simply
requires a validation notice to contain "the amount of the debt."
They urge that MCM complied with 15 U.S.C. § 1692g by "accurately
stating the amount due" in its letter.  While this argument has
some force, I disagree with it for two reasons.

First, as noted, the amount of the debt is not necessarily
the amount needed to settle the debt, the "amount due" in this
letter.  Certainly, had MCM made the settlement offer without
disclosing plaintiff's "current balance," the notice would
violate the FDCPA.  Again, the settlement offer does not protect
the defendants.

Second, as plaintiff's counsel aptly noted at oral argument,
plaintiff's balance accrued interest daily.  Therefore, while the
notice of June 24 stated the amount of the debt as of the date it
was sent, it did not state the amount of the debt on the date it
was received.  Finding that the notice failed to state the
"amount of the debt" because it failed to state the balance as of

the date the notice was received gives effect to the plain
language of the statute.

    ii.  Defendants' Three Seventh Circuit Cases

    Defendants argue that three cases from the Seventh Circuit –
<u>Wahl v. Midland Credit Management, Inc.</u>, 556 F.3d 643 (7th Cir.
2009); <u>Barnes v. Advanced Call Center Technologies, LLC</u>, 493 F.3d
838 (7th Cir. 2007); and <u>Olson v. Risk Management Alternatives,
Inc.</u>, 355 F.3d 509 (7th Cir. 2004) – are more relevant to this
case than <u>Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, &
Clark, L.L.C.</u>, 214 F.3d 872 (7th Cir. 2000), on which plaintiff
relies.  They argue that <u>Wahl</u>, in particular, should control the
outcome here.  I disagree.

    It is true that the debt collection letters in the <u>Wahl</u> case
were similar, if not identical, to the letters sent to the
plaintiff.  But the <u>Wahl</u> court never considered the question
presented here: Did the first letter – the validation notice –
fail to state the amount of the debt?  Instead, the court
examined letters that were sent to Ms. Wahl after the validation
notice.  Those letters included in the "principal balance"
interest that accrued before the debt collector purchased the
debt.  Wahl alleged that those letters violated § 1692e of the
FDCPA, not § 1692g, because they were literally false, as
interest is not part of principal.  The court found in favor of
the defendants; the letters were neither false nor misleading.

Wahl, 556 F.3d 645-46.  The questions at issue in Wahl – whether previously-accrued interest can be termed "principal" when the debt is purchased by another, and whether literal falsity is a per se violation of the FDCPA – are irrelevant to the question in this case.

Defendants attribute great significance to the absence of discussion in Wahl of the first letter Ms. Wahl received - the validation notice.  I decline to do so.  It is true that the letter was very similar to the June 24 letter sent to the plaintiff: it stated a "current balance" and offered a 25% discount if Wahl paid within six weeks.  As the court stated, however, Ms. Wahl had "no beef with that letter."  556 F.3d at 644.  The Wahl case, then, does not speak to the question at hand.

Barnes and Olson also are inapposite.  In their brief on the motion for summary judgment, defendants cited Barnes for its finding that an unsophisticated consumer would recognize that the "Current Amount Due" on a tear-off section of a debt collection letter is "the amount of the debt."  493 F.3d at 841.  They note that the June 24 letter had a tear-off section with the "current balance" and the "amount due."  Plaintiff does not argue that these two amounts were obscured or that an unsophisticated consumer would not realize he could settle the debt by accepting MCM's offer.  Instead, plaintiff contends that these amounts were

9

insufficient to clearly and effectively state "the amount of the debt."

In Olson, the court found that it is not contradictory for a letter to contain both a "Balance" and an amount "Now Due." "[A]n unsophisticated consumer . . . would understand that the amount of the debt is the 'Balance' and that the amount 'Now Due' is the portion of the balance that the creditor will accept for the time being until the next bill arrives."  366 F.3d at 513. Again, the terms of the settlement offer are not in dispute. Olson does not speak to the question of whether the amount listed as "Balance" is sufficient to clearly and effectively state the amount of the debt.

iii. Extrinsic Evidence

Defendants argue that the plaintiff has not sustained his burden of showing that he is entitled to summary judgment because the June 24 letter was not clearly misleading and plaintiff has failed to provide extrinsic evidence that the letter would confuse the least sophisticated consumer.  See Durkin v. Equifax Check Servs., Inc., 406 F.3d 410, 414-15 (7th Cir. 2005).  Again, I disagree.

The Seventh Circuit's rule requiring extrinsic evidence when a communication is not clearly misleading has not been accepted nationally.  See Evory v. RJM Acquisitions Funding L.L.C., 505 F.3d 769, 766 (7th Cir. 2007) ("Other circuits, perhaps less

kindly disposed to survey evidence than we, treat the deceptive
character of a debt collector's communication as a question of
law . . . ."). The Second Circuit, in particular, has treated
deceptiveness as a question of law for the court to decide. See,
e.g., Schweizer v. Trans Union Corp., 136 F.3d 233, 237-38 (2d
Cir. 1998). Thus, the plaintiff may obtain summary judgment
without offering extrinsic evidence.

Further, the question is not simply whether the least
sophisticated consumer knows that credit card debt accrues
interest. The question is whether a validation notice listing a
"balance" that is outdated when received and continues to accrue
daily interest at an unspecified rate clearly and effectively
states the amount of the debt. The least sophisticated consumer
would not know the precise amount of the debt as of the date he
received the June 24 letter, nor would he know how much he could
pay to settle the debt if he did not pay by the time the offer
expired. This is an issue of statutory interpretation, not an
issue of factual deceptiveness. Thus, plaintiff's failure to
provide survey data is not fatal to his claim.

III. Certification

While I adhere to my original ruling, I recognize that
existing case law does not compel this outcome. In their motion
for reconsideration, defendants urge me to follow Adlam and
Weiss, two district court cases within this Circuit indicating

11

that a debt collector need not disclose that interest will accrue

on debt.   Those cases are distinguishable: they do not state

whether interest accrued daily, weekly, or monthly, and they do

not feature a settlement offer.   But my ruling does fundamentally

clash with both of them.   See also Dragon, 483 F. Supp. 2d at 202

n.1 (collecting cases interpreting Miller to "requir[e] that the

total amount of the debt be stated as the total amount due *on the*

*date* a collection letter is sent").   District courts within the

Circuit are likely to continue to disagree concerning the

information that must be included in a validation notice in order

to clearly and effectively state "the amount of the debt" when

the debt is accruing interest.

    This order involves a controlling question of law as to

which there is substantial ground for disagreement, and an

immediate appeal may materially advance the ultimate termination

of this litigation.   Interlocutory review is particularly

appropriate here because a class has been certified under Rule

23(b)(3) as to plaintiff's claim under the FDCPA.   If

interlocutory review is conducted and the Court of Appeals

decides that MCM's validation notice was sufficient, class action

proceedings will be unnecessary and judgment will enter in

defendants' favor, saving both sides of this case significant

time and expense.   The Court of Appeals' guidance on what

information is required in a validation notice when the debt is

accruing interest also will be helpful to other debt collectors,

consumers and lower courts.  Therefore, the order is well-suited

for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

IV.  Conclusion

Accordingly, I adhere to my earlier ruling granting partial

summary judgment in favor of the plaintiff on his claim under the

FDCPA.  However, I certify this order for interlocutory appeal

pursuant to 28 U.S.C. § 1292(b).

So ordered this 10th day of April 2012.


                              /s/ RNC
                         Robert N. Chatigny
                    United States District Judge