```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

KENNETH W. JONES, on behalf      :
of himself and all others        :
similarly situated,              :
                                 :
     Plaintiff,                  :
                                 :
V.                               :   CASE NO. 3:08-CV-802 (RNC)
                                 :
MIDLAND FUNDING, LLC; MIDLAND    :
CREDIT MANAGEMENT, INC.,         :
                                 :
     Defendants.                 :
```

## RULING AND ORDER

The plaintiff in this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, opposes interlocutory appeal of my order of April 11, 2012 [doc. 147]. Plaintiff argues that because I confined my ruling to his claim under 15 U.S.C. § 1692g, and did not rule on his claims under §§ 1692e and 1692f, the ruling does not involve a controlling question of law and is therefore ineligible for interlocutory appeal. For the following reasons, I amend the April 11 order, finding that defendants have violated § 1692e but not § 1692f. I also grant defendants' motion for a certificate of appealability [doc. 149], re-certifying the April 11 order, as amended by this order, for interlocutory appeal.

I. Background

Plaintiff claims a debt collection letter he received from the defendants violated the FDCPA and state law. On October 30, 2009, defendants moved for summary judgment – the motion was

revised on November 2 of that year – and in their November 19, 2009 response, plaintiffs requested partial summary judgment as to liability.  On December 16, 2010, I granted plaintiff's partial motion for summary judgment with regard to his claim under the FDCPA, finding defendants liable under 15 U.S.C. § 1692g.  I granted defendants' motion for summary judgment as to plaintiffs' claims under state law.

Defendants filed a motion for reconsideration, which was granted on September 30, 2011.  A hearing was held on February 13, 2012, and on April 11, 2012, I issued an order adhering to my December 2010 ruling.  I certified the April 11 order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  The Second Circuit dismissed the defendants' interlocutory appeal as untimely filed, and defendants now seek re-certification.  Plaintiff opposes re-certification on the ground that the ruling does not involve a controlling question of law, as I did not rule on their claims under 15 U.S.C. §§ 1692e, 1692(e)(2)(A) and 1692f.[1]  I asked the parties to brief the issue whether plaintiff's remaining claims should be evaluated under the same standard as his claim under § 1692g.

II.  Discussion

---

[1] Plaintiff also opposes re-certification on the ground that there is no "substantial ground for difference of opinion," 28 U.S.C. § 1292(b), as to defendants' liability.  I disagree for the reasons stated in my April 11 order.

I found that defendants' June 24, 2007 collection letter violated 15 U.S.C. § 1692g(a)(1) because it did not state "the amount of the debt."  Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including falsely representing the "amount . . . of any debt," § 1692e(2)(A), or using "any false representation or deceptive means to collect or attempt to collect any debt."  § 1692e(10).

Plaintiff argues that the standards under §§ 1692g and 1692e are distinct, although he maintains that a violation of § 1692g(a)(1) is "automatically" a violation of § 1692e.  The standards governing the two sections are closely linked.  The Second Circuit has established that claims under both § 1692g and § 1692e are evaluated using a "least sophisticated consumer" test.  Russell v. Equifax, A.R.S., 74 F.3d 30, 34 (2d Cir. 1996); Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).  And courts within the Circuit have sometimes applied a single analysis to both claims.  See, e.g., Rozier v. Financial Recovery Systems, Inc., No. 10-CV-3273, 2011 WL 2295116, at *4-5 (E.D.N.Y. June 7, 2011); Cali v. Gordon, 1996 WL 44104209, at *4 (E.D.N.Y. Aug. 16, 1996) (discussion of § 1692e(10) references discussion of § 1692g); Kolganov v. Phillips & Cohen Associates, Ltd., No. 02-CV-3710, 2004 WL 958028, at *2 (E.D.N.Y. Apr. 8, 2004) (citing Russell's standard for § 1692e claims as relevant to FDCPA claims

3

generally and a claim under § 1692g in particular).

The Second Circuit has, however, set out a specific test for when a representation is "false, deceptive, or misleading."  A collection letter violates § 1692e when "it can be reasonably read to have two or more different meanings, one of which is inaccurate."  See Russell, 74 F.3d at 35.  As I noted in my December 2010 order, "the [June 24] letter could be reasonably interpreted to mean that interest would not accrue during the period of the discount offer."  At oral argument, plaintiff's counsel maintained that a reasonable reader could believe interest would accrue but not on a daily basis, so the amount of the debt upon receipt would be the "current balance" as of the date the letter was sent.  I agree this is a plausible interpretation of the letter.  Both of these interpretations would have been inaccurate.  Interest in fact accrued on a daily basis, and it accrued while the settlement offer was open.  As the letter was subject to inaccurate meanings, it violated 15 U.S.C. § 1692e.

The letter did not, however, violate § 1692f, which prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt."  A claim under § 1692f must be based on "misconduct beyond that which Plaintiff[] assert[s] violate other provisions of the FDCPA."  Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 667 (S.D.N.Y.

4

2006); see also Tsenes v. Trans-Continental Credit and Collection Corp., 892 F.Supp. 461, 466 (E.D.N.Y. 1995) (dismissing a § 1692f claim because "all the allegations in the Complaint support claims asserted under either §§ 1692g or 1692e"). Plaintiff asked for summary judgment as to liability on its FDCPA claim, in its entirety, but it has not pointed to any portion of the letters that violate § 1692f, as opposed to §§ 1692e or 1692g. Therefore, I grant defendants summary judgment on plaintiff's theory of liability under 15 U.S.C. § 1692f.

III. Certification

For the reasons stated in my April 11 order, I believe both that order and this one merit interlocutory appeal pursuant to 28 U.S.C. § 1292(b). My analysis of plaintiff's claim under § 1692e is directly related to my analysis under § 1692g; both involve questions of law as to which there is substantial ground for disagreement, and together, they control the outcome of this litigation. I therefore certify this order and re-certify my April 11, 2012 order for interlocutory appeal to the Second Circuit.

So ordered this 11th day of August 2012.

_____/s/ RNC_____
Robert N. Chatigny
United States District Judge