UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNETH W. JONES, on behalf of himself and all others similarly situated,<br><br>      **Plaintiff,**<br><br>    v.<br><br>**MIDLAND FUNDING LLC, and MIDLAND CREDIT MANAGEMENT, INC.**<br><br>      **Defendants.** | **CASE NO. 3:08 CV 802 (RNC) (DFM)** |

## FINAL APPROVAL ORDER

This matter, having come before the Court on Plaintiff's Motion for Final Approval of the proposed class action settlement with Defendants Midland Funding LLC and Midland Credit Management, Inc.; the Court having considered all papers filed and arguments made with respect to the settlement, and having provisionally certified, by Order entered August 8, 2013 (Doc. 175), a settlement class, and the Court, being fully advised in the premises, finds that:

  1)  This action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b). The class as defined in the Settlement Agreement (the "Settlement Class") is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Settlement Class, the claims of the Class Representative are typical of the claims of the Settlement Class, and the Class Representative will fairly and adequately protect the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2) Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and such Notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Rule 23(e) and due process.

3) The Defendants have timely filed notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed such notification and accompanying materials, and finds that the Defendants' notification complies fully with the applicable requirements of CAFA.

4) The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties, and is supported by the Class Representative.

5) The settlement as set forth in the Settlement Agreement is fair, reasonable and adequate to the Settlement Class members in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages and in maintaining the class action through trial and appeal.

6) The relief provided under the settlement constitutes fair value given in exchange for the Release of the Released Claims only against the Released Parties, as those terms are defined in the Settlement Agreement.

7) One class member, Betty J. Neal of Hartford, CT, has validly excluded herself from the Settlement Class in accordance with the provisions of the Preliminary Approval Order.

8) The parties and each Settlement Class member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement.

9) It is in the best interests of the parties and the Settlement Class members and consistent with principles of judicial economy that any dispute between any Settlement Class member (including any dispute as to whether any person is a Settlement Class member) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or the Final Judgment and Order should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

10) This action is finally certified as a class action against Defendants Midland Funding LLC and Midland Credit Management, Inc. on behalf of a Settlement Class defined as follows:

> All persons in the State of Connecticut to whom, from May 27, 2007 through the date of the entry hereof, Defendants sent one or more letters or other communications substantially in the form of the June 24, 2007 letter sent to Plaintiff in an attempt to collect a non-business debt, which letters were not returned as undeliverable by the Postal Service.

11) The Settlement Agreement submitted by the parties, specifically including Defendants' acknowledgment that it has changed its use of the debt collection letter challenged by Plaintiff in this case as more fully set forth in the Settlement Agreement, is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Settlement Class and the parties are directed to consummate the Agreement in accordance with its terms.

12) This action is hereby dismissed on the merits, with prejudice and without costs.

13) As agreed by the parties in the Settlement Agreement, upon the Effective Date, Defendants, their parents, subsidiaries, predecessors, successors, assignees, present and former officers, directors, employees, shareholders, representatives, insurers, and attorneys (collectively

the "Released Parties"), shall be released from claims under the Fair Debt Collection Practices Act or otherwise that were asserted in the Lawsuit arising from or relating to letters or communications similar in substance to the June 24, 2007 letter including without limitation (1) any and all claims relating to the transactions, actions, conduct or events that are the subject of the Lawsuit, (2) any and all claims arising out of the institution, prosecution, assertion, settlement or resolution of the Lawsuit.  Further, Defendants, for themselves, and on behalf of the Released Parties, shall release and forever discharge the Representative Plaintiff, the Class and their present and former attorneys, administrators, heirs, agents, insurance carriers, successors, and assigns, from any and all causes of action, claims, and demands of any nature whatsoever, asserted or unasserted, arising out of, or relating in any way to, the institution, prosecution, or resolution of the Lawsuit.

14)     Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement.  In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendants and each member of the Settlement Class for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement.  Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Settlement Class member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order.  Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class members are

hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

15)     Upon consideration of Class Counsel's application for fees and reimbursement of expenses, the Court shall enter a separate Order awarding reasonable fees and expenses in an amount to be set forth in that Order.

16)     Upon consideration of the application for an individual settlement award, the Class Representative, Kenneth W. Jones, is awarded the sum of seven thousand five hundred dollars ($7,500.00) in consideration for his individual claims against the Defendants and for the valuable service he has performed for and on behalf of the Settlement Class.

17)     The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

BY THE COURT:

_____
ROBERT N. CHATIGNY, U.S.D.J.

Dated: _____